## PUMPHREY V. WALKER.

**Instructions:** CONFLICT : VERDICT : JUDGMENT NOT WARRANTED.   In an action on a note given for borrowed money to plaintiff's husband, plaintiff alleged that she was the owner of the note.   One of the defenses was that the note was executed on an usurious contract, and that plaintiff was neither the assignee nor owner of it. The eleventh instruction was to the effect that plaintiff had the burden to show her ownership of the note.   One paragraph of the fourteenth instruction was as follows : "If you find from the evidence that the note has not been paid, or settled and adjudicated, but that at the time of making said note, as a part of the contract thereof, usurious interest was agreed upon, then, after filling in the sum loaned, and date of said loan, your foreman should sign verdict number 2."   In accordance with this instruction the jury returned the following verdict : "We, the jury, find that the amount loaned * * * was $70, and that said loan was made on the 7th day of June, 1877."   *Held*—

(1) That the fourteenth instruction was repugnant to the eleventh, in that the jury would understand therefrom, and did understand, that in case they found the facts as stated in the fourteenth instruction, they should find verdict number 2 for plaintiff, without finding that she was the owner of the note.

(2) That because said verdict did not show a finding upon the issue as to the ownership of the note, nor a general or special finding for the plaintiff, it did not authorize a judgment for plaintiff for the amount loaned, and for the school fund for usury found by the court.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 8, 1888.

ACTION upon a promissory note. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Alfred Morton* and *Warren Walker*, for appellant.

No appearance for appellee.

BECK, J.—I. The note in suit is payable to J. R. Pumphrey. The petition alleges that it is now the property of plaintiff. Among other defenses, the defendant pleads that the note was executed upon an usurious contract, and that plaintiff is neither the assignee nor owner of the note. The cause was tried upon the issues raised by these defenses and other issues in the case. The district court, in the last instruction, directed the jury in the following language: "14. If you find from the evidence under the instructions of the court that defendant has paid the note in suit, or that the same has been settled and adjudicated, then one of your number, to be selected as your foreman, should sign verdict number 1. If you find from the evidence that the note has not been paid, or settled and adjudicated, but that at the time of making said note, as a part of the contract thereof, usurious interest was agreed upon, then, after filling in the sum loaned, and the date of said loan, such foreman should sign verdict

number 2. If you find from the evidence that the note in suit has not been paid, or settled and adjudicated, and that no contract of usury was made, then such foreman, after filling in amount found due, should sign verdict number 3, and the verdict so found may be returned as your verdict." The forms of verdicts contemplated in this instruction given to the jury are as follows:

"VERDICT No. 1. We, the jury, find for the defendant. ————, Foreman.

"VERDICT No. 2. We, the jury, find that the amount loaned to defendant by John R. Pumphrey was ———— dollars, and that said loan was made on the ———— day of ————, 18—.

"VERDICT No. 3. We, the jury, find for the plaintiff, and assess the amount of her damages at ———— dollars. ————, Foreman."

A prior instruction, the eleventh, is to the effect that, to entitle plaintiff to recover, she must show by a preponderance of the evidence that she is the owner of the note.

II. In our opinion, the fourteenth and eleventh instructions are conflicting, and could not have failed to mislead the jury, who doubtless understood from the instructions that plaintiff was entitled to a verdict if they found the note had not been paid, and that, if they found usury, they should render verdict number 2, which they should do without inquiring into plaintiff's ownership of the note, which was put in issue by the answer. It is true, the eleventh instruction requires them to find on that issue. But to the minds of the jury this was doubtless neutralized by the fourteenth instruction. The instruction, we think, is erroneous.

III. The jury returned the following verdict, upon which a judgment was rendered for plaintiff for the amount of the loan, and for the school fund for the amount of the usury found by the court: "We, the jury, find that the amount loaned to defendant by John R. Pumphrey was $70.00, and that said loan was made on the 7th day of June, 1877. D. D. Treleven, Foreman." It will be observed that the jury in this verdict do not

find for plaintiff, **nor** do they find that plaintiff is the owner of the note, or that there is usury in it. The verdict clearly manifests the prejudicial effect of the error in the instruction just noticed.

IV. This verdict is not sufficient to authorize the judgment rendered by the district court against defendant. It does not show a finding upon the issue as to the ownership of the note, which should be found to authorize a verdict for plaintiff; nor does it show a finding, general or special, for plaintiff. No judgment against defendant should have been rendered on this verdict.

V. Other questions discussed by counsel need not be considered, as, for the error we have pointed out, the judgment must be reversed. The other questions argued by counsel, especially those relating to rulings on evidence, may not occur again on another trial. But, for another reason, we do not consider such questions. We have no argument for plaintiff. We always avoid, when we can, the decision of questions which have not been fully argued by counsel on both sides of the case.

REVERSED.