HENRY ALBORN, SR., Appellant, v. BARBARA ALBORN AND J. D. PAYNE, Sheriff.

**Replevin:** IRRELEVANT EVIDENCE. The petition in a suit by a wife, for separate maintenance, is not admissible, in an action by her father-in-law, against her and the sheriff, for property seized under attachment in the former action, where the only issues in the replevin suit are those relating to ownership and change of possession under a sale from son to father, and fraud in making such sale, and where the fact that the sheriff's possession is under the writ of attachment is not disputed.                    \

*Appeal from Dallas District. Court.*—HON. J. H. HENDERSON, Judge.

SATURDAY, DECEMBER 12, 1896.

ACTION for the recovery of specific personal property. Verdict and judgment for defendant, and the plaintiff appealed.—*Reversed.*

*White & Clarke* and *H. A. Hoyt* for appellant.

*Edmund Nichols* and *W. W. Cardell* for appellee.

GRANGER, J.—The property in controversy is a horse, a lumber wagon, harness, buggy, and five hundred bushels of corn. The property was taken by the defendant sheriff on a writ of attachment in a suit by the defendant Barbara Alborn, for her separate support, against her husband, Henry Alborn, Jr., a son of the plaintiff in this case. The plaintiff's ownership of the property is made to depend on the facts that he raised the corn on his farm, and that he purchased the other property from his son Henry Alborn, Jr., January 15, 1894. The answer puts in issue the fact as to the plaintiff's ownership of the property, and charges that any sale thereof between plaintiff and his son Henry was fraudulent, and done in pursuance of a conspiracy to place the property beyond the reach of Barbara Alborn, and that there was no change of possession of said property in pursuance of the sale, and that defendants had no notice of such sale. The verdict was for defendants for all the property.

Under the pleadings, the issues for trial were: *First.* As to the ownership of the plaintiff, because he raised the corn and bought the other property. *Second.* Was there such a change of possession that the sale, if made, was valid? *Third.* Was there fraud, such as to defeat the sale? The instructions placed the burden on the plaintiff to establish the averments of the petition. On the trial the defendants offered in evidence the petition in the case of Barbara Alborn against Henry Alborn, Jr.; and

against objections, that it was immaterial and irrelevant, it was admitted. We do not see the materiality or relevancy of such evidence. The petition recited facts as to treatment of Barbara Alborn by her husband, showing neglect, poverty, sickness, the birth of her child, and that she was compelled to look to the county for assistance, because of her husband's failure to support her. The facts stated in the petition are in no way relevant to the issues presented. The writ of attachment and seizure thereunder would show the rightful possession of the sheriff, except as against plaintiff's ownership, if it was necessary to establish such fact under the issues. That fact did not seem to be questioned on the trial. All the issues went to the fact of plaintiff's ownership, so that, because of it, he was entitled to the possession of the property. If his right of possession was not established, the defendants must recover. The right of the parties to this suit in no way depended on facts as to Barbara Alborn and her husband, and, if it did, the petition was not legal proof of the facts. There is little room for elaboration. Such evidence must have been prejudicial. As there is no argument for appellee, we do not discuss other questions. See *Pumphrey v. Walker*, 75 Iowa, 408 (39 N. W. Rep. 671); *Dodd v. Scott*, 81 Iowa, 319 (46 N. W. Rep. 1057), and cases there cited. The judgment is REVERSED.