THE CORN PALACE AND INTERSTATE FAIR ASSOCIATION v. HORNICK, HESS & MORE, Appellants.

**Practice:** REFUSAL TO PERMIT AMENDMENT IN TRIAL.   Where the complaint in an action on a subscription sets out a copy of the instrument and the answer admits the signing of "a paper similar to the one set out in the petition," but states that defendant has no knowledge as to whether the one set out is the one signed, and plaintiff thereafter puts in evidence the original subscription list signed by defendant, it was error to refuse to allow defendant to amend the answer by denying that it signed the alleged subscription paper, or that the signature thereon is its signature, on the ground that the original answer admitted such signature, though the proposed amended answer did not deny that the paper was not executed "for" defendant.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, JANUARY 21, 1897.

ACTION on a subscription.   Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*J. S. Lothrop* for appellant.

No appearance for appellee.

GRANGER, J.—The plaintiff is alleged to be an association organized by H. A. Jandt and other parties, too numerous to mention, for the purpose of building and operating a corn palace and fair in the year 1893, at Sioux City.   The following instrument is the basis of this action:

"We, the undersigned, for valuable consideration, hereby promise and agree to donate and give to the Corn Palace and Interstate Fair Association of Sioux City, Iowa, the sums of money set opposite our respective names, said money to be payable in installments at any time on demand of the duly qualified officers or agents of said corporation:

| "Name. | Amount. |
|---|---|
| "Hornick, Hess & More. | $300.00." |

It is averred in the petition that the defendant corporation became a subscriber to the above "subscription list," which was signed by numerous other parties in various amounts.   It also appears from the petition that the association, by a board of directors, levied an assessment of forty per cent. on the amount subscribed, which, on demand, the defendant refused to pay.   Plaintiff seeks to recover the forty per cent., or one hundred and twenty dollars.   The answer is in five divisions, the first of which admits the signing of a paper similar to the one set out in the petition, but says that whether the one set out is the one it signed it has no knowledge or information sufficient to form

a belief, and therefore denies the same. Other denials appear in the same division. Other matters are pleaded in defense, and, among them, that the plaintiff has no legal capacity to sue or be sued. The court sustained a demurrer to the second and third divisions of the answer, after which the cause proceeded to trial to a jury. The plaintiff, during its presentation of evidence, introduced the original subscription list on which the action is based; that set out in the petition being a copy. Thereafter the defendant asked leave to file an amendment to the first division of its answer as follows: "Defendant admits that it is a corporation; denies that it signed the alleged subscription paper set up in petition; denies that the signature thereto of Hornick, Hess & More was signed thereto by defendant; and denies that the same is the signature of said defendant." Leave was refused, and the refusal is assigned as error.

From the record it appears that when the offer of amendment was made it was resisted on the ground that it would contradict the sworn answer on file, because that answer admitted that defendant signed the subscription paper, and by the amendment, if permitted, plaintiff would be taken by surprise. It appears that counsel were in contention as to the effect of the original answer. We are led to think the court adopted the views of the appellee. However that may be, we think the amendment should have been allowed. A reference to the original answer will show that, while admitting that a similar paper to the one set out had been signed, there is care taken to avoid the admission claimed by the plaintiff. It seems from the record that upon a presentation in evidence of the subscription relied on, so that the genuineness of the signature could be seen, appellant sought the opportunity to deny it. The amendment offered was duly verified, so as to present the issue as

to the genuineness of the signature. As a reason why the court should not allow the amendment, the plaintiff suggested, as shown by the record, that it is not alleged in the amendment that the paper was not executed for defendant. The denial in the amendment is as broad as the averment in the petition. If defendant should show the signature not to be genuine, it would defeat a right of recovery, on the record as it is now before us; and counsel for plaintiff stated to the court, before its ruling, that the proposed answer, if true, was a complete defense. Inasmuch as the answer must be verified, and a similar list had been signed, we do not see that the defendant, at the time of filing its original answer, could do different than to state the facts as it did, and plead further when the fact was disclosed as to the signature. For the refusal to permit the amendment the judgment must be reversed.

There are a number of questions presented, and some of them are important in a general way. Where we have no brief for appellee, we do not consider questions not important to a conclusion when there is a reversal. See *Alborn v. Alborn*, 100 Iowa, 382 (69 N. W. Rep. 678), and authorities there cited.—REVERSED.