M. J. JOBE v. MEMPHIS & CHARLESTON RAILROAD CO.

1. RAILROADS. *Injury at crossing. Contributory negligence.*
   One familiar with a crossing, knowing that obstructions prevent seeing and hearing an approaching train; knowing that a train is about due, and who, after stopping thirty or forty feet from the track, and looking and listening for a moment, drives his wagon thereon, without again stopping and looking in the direction from which the train is due, cannot recover for injuries sustained in being struck by the train, though the defendant was negligent as to signals and in running in a town at an unlawful speed.

2. SAME. *Obstructed view. Greater care in crossing.*
   Where the view of the track is obstructed, the traveler must use greater care in crossing a railroad.

FROM the circuit court of Alcorn county.

HON. NEWNAN CAYCE, Judge.

Action by appellant against the Memphis & Charleston Railroad Company for personal injuries sustained June 21, 1890. On the first trial, the court below refused a peremptory instruction for defendant, and plaintiff recovered a judgment for $2,500. On appeal, this judgment was reversed, because of an erroneous instruction given at the instance of plaintiff. See *Railroad Co.* v. *Jobe*, 69 Miss., 452, which contains a full statement of the facts and the points made by counsel in argument on the former appeal. The cause being remanded, there was another trial, resulting in a peremptory instruction for defendant. The testimony on the last trial was substantially the same as that in the first. The opinion contains a summary of the material facts, which, together with

the former report of the case, will sufficiently indicate the question decided.

*J. M. Boone* and *Pitts & Meeks*, for appellant,

Filed lengthy briefs, relying, in the main, upon the same authorities, and making the following points:

1. The court erred in giving a peremptory instruction. It is the judgment and experience of the jury, and not the judge, which is to be appealed to. On this question, it is not material to consider where the weight of evidence lay upon the disputed facts. We are entitled to assume that the jury would have believed the testimony on behalf of plaintiff. It is well settled in this state that in cases of sharp and not immaterial conflicts in the evidence, a peremptory instruction is improper. Where the evidence is sufficient to warrant a verdict for plaintiff, in any view of it which might be legally taken, a peremptory instruction for the defendant should be refused. On this point, see *Railroad Co.* v. *Mason*, 51 Miss., 234; *McMurtry* v. *Railroad Co.*, 67 *Ib.*, 601; *Lowenstein* v. *Powell*, 68 *Ib.*, 73; *Fulmer* v. *Railroad Co.*, *Ib.*, 355; *Nesbitt* v. *Greenville*, 69 *Ib.*, 22; *Cantrell* v. *Railroad Co.*, *Ib.*, 435; *Railroad Co.* v. *Boehms*, 70 *Ib.*, 11. These are the leading authorities in this state. The principle involved is of the gravest importance, and is especially applicable in cases of negligence, dependent on questions of fact in many respects difficult and peculiar, and, in the very nature of things, less amenable to fixed and rigid rules than other questions. Elsewhere it has been universally held that, in determining the propriety of a non-suit or peremptory instruction, the court will assume the truth of all facts which plaintiff's testimony conduces to prove, although controverted by the testimony for defendant. See *Ernst* v. *Railroad Co.*, 35 N. Y., 9, s.c. 90 Am. Dec., 761, upon its facts being very similar to the present one. See also *McCully* v. *Clarke*, 40 Pa., 399, s.c. 80 Am. Dec., 584.

2. The undisputed testimony is that the train causing the

injury was running at a most dangerous and unlawful rate of speed. Plaintiff, in attempting to cross the track, used due care. He stopped and looked and listened. As he went upon the track his attention was directed to the westward, where there was a locomotive, and, as he looked there momentarily, the train, running at a rapid speed, came upon him, and it was then too late for him to avoid the collision. The unlawful speed, and the failure to give the proper signals constituted the efficient cause of the injury. It is not a proper criterion by which to measure his conduct that plaintiff did not do every thing possible to avoid being injured. Persons suddenly and unexpectedly confronted by imminent danger do not, under the excitement of the moment, act with that cool judgment and discretion required of those differently situated. Certainly, it cannot be affirmed from all the evidence that only one conclusion should be reached, namely, that plaintiff failed to exercise proper care under the circumstances. In *Nesbitt* v. *Greenville, supra,* this court held that before a peremptory instruction could be given for defendant, it would be necessary for the evidence of plaintiff's negligence to be such that all reasonable men would certainly draw the one and the same conclusion of contributory negligence. The same rule was declared in the case of *McMurtry* v. *Railroad Co.,* 67 Miss., 601.

The law requires railroad companies to keep their trains under such control in passing through cities as to prevent danger to persons suddenly appearing upon the tracks. The company is not absolved from liability growing out of an unlawful rate of speed, because, after seeing the plaintiff's danger, the employes did what could be done to avoid the injury. *Railway Co.* v. *Phillips,* 70 Miss., 14.

Plaintiff was only required to observe that degree of care required of an average person situated under the same circumstances. *Railway Co.* v. *Davis,* 69 Miss., 444; *Hutchinson* v. *Railway Co.,* 19 Am. & Eng. R. R. Cas., 280; *Massoth* v. *Railroad Co.,* 64 N. Y., 524. He knew that defendant was

prohibited from running its cars at a greater rate of speed than six miles an hour, and, in approaching the track, he had a right to assume that the company would comply with the law in this respect. *Fulmer* v. *Railroad Co.*, 68 Miss., 355.

The law does not require a person injured by the carelessness of others to exercise a high degree of caution as a condition precedent to his right to recover damages. He is not required to be entirely free from negligence. The standard by which his negligence is to be measured is that of ordinary care. Beach on Con. Neg., pp. 19, 20, 21.

As to what is ordinary care, see *Gaither* v. *Myrick*, 66 Am. Dec., 316, and authorities cited ; 19 *Ib.*, 93.

The modern tendency is to simplify questions of negligence by not applying specific rules and statutes defining duty in given cases. Beach on Con. Neg., § 9, and authorities cited. In the case of *Fulmer* v. *Railroad Co.*, 68 Miss., 355, there was no evidence that the deceased looked and listened before going upon the track, and this court held that, under all the circumstances, the court should have permitted the jury, under proper instructions, to say whether the deceased was or was not guilty of contributory negligence.

3. On the former appeal, this court said that the question to be decided was whether the plaintiff negligently went on the track in front of the train, and that this fact found by a jury would end the case. The converse of this is that, if he did not negligently go upon the track, he is entitled to damages, and, under the former decision, this question was to be passed upon by the jury under all the evidence.

*Inge & Burge,* for appellee.

One approaching a railroad track must use due care before attempting to cross. 6 Am. & Eng. R. R. Cas., 268; 8 *Ib.*, 462; 13 *Ib.*, 639; 19 *Ib.*, 313; 95 U. S., 697; *Railroad Co.* v. *Mitchell*, 52 Miss., 808.

A dangerous crossing imposes the duty to observe special caution. 6 Am. & Eng. R. R. Cas., 272; 8 *Ib.*, 272; 73 Pa.,

504; 25 Mich., 274. See *Railway Co.* v. *French*, 69 Miss., 121, which is conclusive of this case.

If the view of the track is obstructed, one approaching it is required to exercise greater care. Beach on Con. Neg., p. 203; 14 Am. & Eng. R. R. Cas., 650; 43 N. Y., 533.

If, when a train is in view, one undertakes to cross in advance of it, this is such negligence as bars a recovery. Beach on Con. Neg., p. 198; 9 So. Rep., 458; 77 Me., 538; 95 U. S., 697; 78 Pa., 219; *Railroad Co.* v. *Stroud*, 64 Miss., 784; *Railroad Co.* v. *Cooper*, 68 *Ib.*, 368.

Though one supposes the train has passed, a failure to look and listen is negligence. Beach on Con. Neg., 198; 14 Am. & Eng. R. R. Cas., 687; 76 Ill., 311.

Trying to cross when a train is known to be due is negligence. Beach on Con. Neg., 198, note 5; 52 Miss , 811; 64 *Ib.*, 784.

One injured in attempting to cross in front of an approaching train cannot recover. Whittaker's Smith on Neg., 386, and authorities cited; 64 Miss., 784; 68 *Ib.*, 370.

One has no more right to presume that the railroad employes will obey the requirements of law than they to suppose he will obey the instincts of self-protection. 13 Am. & Eng. R. R. Cas., 639; 68 Miss., 370; 53 Ill., 115; 33 Ind., 335.

It is contributory negligence not to stop a reasonable distance from the road and look and listen for approaching trains. 14 Am. & Eng. R. R. Cas., 697; 25 Mich., 274; 28 *Ib.*, 440; 47 *Ib.*, 401; 54 *Ib.*, 402; 49 Pa., 60; 74 Mo., 602; 42 Iowa, 193; 45 N. Y., 660; 38 N. J. L., 525.

Unless negligence on the part of defendant's servants, after seeing the plaintiff, is shown, and, further, that plaintiff was not guilty of contributory negligence, he must fail. *Railway Co.* v. *Williams*, 69 Miss., 631; 13 Am. & Eng. R. R. Cas., 639; 14 *Ib.*, 696; 4 So. Rep., 619; 6 *Ib.*, 154; Beach on Con. Neg., 209; *Ib.*, 210; *Ib.*, 215.

Running more than six miles an hour does not make de-

fendant liable, if plaintiff was guilty of contributory negligence. *Railroad Co.* v. *McGowan*, 62 Miss., 682; 4 Am. & Eng. R. R. Cas., 579; 39 N. Y., 358; 10 Allen, 532; 64 Mo., 480; 44 Pa., 375.

If plaintiff's evidence, taken alone, would not uphold a verdict, a peremptory instruction is proper. *Dowell* v. *Railroad Co.*, 61 Miss., 519; *Bardwell* v. *Railroad Co.*, 63 *Ib.*, 574; *McMurtry* v. *Railroad Co.*, 67 *Ib.*, 601; *Railroad Co.* v. *Cooper*, 68 *Ib.*, 368; *Davis* v. *Railway Co.*, 69 *Ib.*, 136; *Railroad Co.* v. *Hobbs*, 19 Am. & Eng., R. R. Cas., 337; *Railway Co.* v. *Adams*, *Ib.*, 376.

In *Sala* v. *Railway Co.*, 52 N. W. Rep., 664, the facts were almost identical with those in this case, and the decision therein is conclusive.

*Mayes & Harris*, on the same side.

The plaintiff, at the time of the injury, was a stout, active man, thirty-five years old, and was in the habit of crossing at that place. He undertook to cross when he knew the train was due. It is plain that he was guilty of contributory negligence. If he had exercised even ordinary care, he would not have been hurt.

When approaching a railway crossing, one must assume that there is danger, and act with ordinary prudence and circumspection upon that assumption. In the progress of the law in this behalf, the question of care at railway crossings, as affecting the traveler, is no longer, as a rule, a question for the jury. The *quantum* of care is exactly prescribed as a matter of law. The traveler must listen for signals, and look *attentively* up and down the track. Beach on Con. Neg., § 63.

No failure on the part of the railway company to do its duty will excuse him from using the senses of sight and hearing. Whenever the due use of their senses would have enabled the injured person to have escaped the danger, the injury is conclusive evidence of negligence, without any

reference to the defendant's failure to perform its duty. *Ib.*, § 64.

At an obstructed crossing, it is the duty of the traveler to exercise a greater degree of care and caution than is incumbent upon him usually. *Ib.*, § 65.

We claim that this case is squarely within the rule of *Crawley* v. *Railroad Co.*, 70 Miss., 340.

WOODS, J., delivered the opinion of the court.

The peremptory instruction to the jury to find for the railroad company was not erroneous. From the evidence offered by the appellant, it clearly appears that he was perfectly familiar with the surroundings of the crossing where he received his injuries. He knew of the obstruction that hindered the seeing and hearing an approaching train. He knew the train was about due, and, after halting and looking and listening for an instant at a point thirty to forty feet from the track, he drove directly on and into the place of known peril, without ever again stopping or looking in the direction from which he knew the train, then about due, would come. He utterly failed to use any care or caution after halting once at a spot thirty or forty feet from the track. With the view east obstructed by houses, shrubbery, embankments and box-cars, it was his imperative duty to vigilantly observe from every available point the approaching train. At a point thirty-six feet from the track, he had reached a position where he could see a man a thousand feet away near the track, and in the direction from which the train came. His brother actually saw the train approaching in ample time to save himself, and to try to save the appellant. The attentive exercise of sight and hearing would have warned the victim of his own folly of the approaching train, and would have averted the calamity which befell him, if he had heeded the warning of his senses.

The railroad company was negligent, palpably, grossly negligent; but, negligent as was the company, no hurt would have come to appellant if he himself had not also been pal-

pably, grossly negligent. His failure to use that care and caution which his dangerous situation demanded — that greater care and most watchful circumspection which the greater perils of an obstructed view of the track required of him—was the efficient cause of his lamentable injury. If men will go heedlessly on railroad tracks, not using care and caution commensurate with the apparent danger, and disaster shall overtake them, the consequences must fall upon their own heads.

*Affirmed.*