Joseph Schulte, Appellant, v. Chicago, Milwaukee & St. Paul Railway Company.

**Special Findings:** judgment non obstante. Judgment on special findings, as against a general verdict, will not be granted unless the special findings are inconsistent with the general verdict, and sufficient of themselves to establish or defeat the right of recovery.

Rule applied. A general verdict for plaintiff for injuries caused by failure of defendant's locomotive while approaching a highway, to give the proper signals, and its negligence in moving at a high rate of speed, is not inconsistent with special findings that plaintiff in approaching the crossing, could have seen defendant's train had he looked from a bridge before he reached a point fifty feet from the track, or could have seen it when fifty feet from the crossing, since it is for the jury to say whether he was negligent in failing to look and listen from the particular points indicated in the special findings.

*Same.* A special finding that defendant's right of way had been moved before the accident does not show that plaintiff, who was injured by defendant's locomotive at a crossing, was guilty of contributory negligence in failing to observe the approach of the train, since it did not show that other obstructions did not exist.

Review on appeal: *Evidence not resorted to.* The evidence will not be resorted to on appeal to determine additional facts in aid of special findings, as against the general verdict, since the general verdict is decisive of all issues submitted, not specially found by the jury.

*Appeal from Shelby District Court.*—Hon. N. W. Macy, Judge.

Friday, May 17, 1901.

The plaintiff alleged: "That at or about one-half mile south of defendant's depot at Panama, Iowa, and at a point where defendant's line of railway crosses the public highway, the defendant's freight train aforesaid struck this plaintiff, and threw him and his wagon and team many feet off and

from said highway crossing; that, at and before said time of striking this plaintiff and his team as aforesaid, defendant was negligently operating its said train, in that it was running it at an unusually high rate of speed, to-wit, fifty or sixty miles per hour, and failed and neglected to ring its bell prior to its approach to said crossing, and neglected to sound its whistle at or before it reached said crossing, and failed and neglected to give this plaintiff any warning of the approach of said train; that the defendant ran into and upon this plaintiff, who was passing along the public highway in the usual and ordinary way of traveling; that by reason of defendant's negligence in running its train at such an unusually high rate of speed, and its negligence to sound a whistle and ring a bell or give this plaintiff any warning of its approach as aforesaid, the defendant, without any negligence on the part of this plaintiff, ran into this plaintiff's team, and threw him and his team many feet from the crossing."

The defendant's answer was a general denial. The jury returned a general verdict for plaintiff, assessing his damages at $500, and answered special interrogatories as follows: "Do you find that the plaintiff looked and listened for approaching trains with care and prudence as he passed along the highway, and approached the crossing in question? Answer 1. Yes. Int. 2. Do you find that the plaintiff could have seen the defendant's train while he was driving over the east or long bridge, and before he reached a point fifty feet from the track, had he looked up the track with care and prudence? Ans. 2. Yes. Int. 3. Do you find that the plaintiff could have seen the defendant's train when he reached a point fifty feet from the track, had he looked with care and prudence? Ans. 3. Yes. Int. 4. Do you find that the plaintiff, while driving over the east or long bridge, sat with his back towards Panama and facing the south? Ans. 4. No. Int. 5. Do you find that the plaintiff drove over the east or long bridge with his team in a

trot? Ans. 5. No. Int. 6. Do you find that the plaintiff drove in a trot from the west or short bridge to the east or long bridge? Ans. 6. Yes. Int. 7. Do you find that the defendant's right of way between the crossing and Panama was moved before the accident? Ans. 7. Yes." Thereupon the defendant moved for judgment notwithstanding the verdict, and this motion was sustained. The plaintiff appeals.—*Reversed.*

*T. R. Mockler* and *Cullison & Robinson* for appellant.

*Byers & Lockwood* and *J. C. Cook* for appellee.

LADD, J.—The jury in a proper case may be required to find specially on any particular question of fact. Code, section 3727. "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly, or set aside the verdict and findings as justice may require." Section 3728, Code. As has often been held, these findings or answers to special interrogatories should relate to ultimate facts inhering in the verdict, deciding issues, more or less important, necessarily to be passed upon in making up the general verdict. When these cover every fact or issue in controversy, the right to recover becomes purely a question of law. It is then like determining the rights of the parties upon an agreed state of facts. So, where a fact is absolutely essential to recovery, a finding negativing its existence will be conclusive, without more. But often the interrogatories do not include all the issues of fact essential to reach a legal conclusion, and then it becomes of the utmost importance to know what extrinsic matters, if any, may be resorted to in aid of these findings. Every reasonable presumption is to be indulged in favor of the general verdict. All essential facts inhere therein when the contrary is not made to appear from the special findings. So that every question of fact raised during the trial, unless

withdrawn from the jury by the court, is answered, though not specially found in response to some interrogatory. It is for this reason that the evidence may not be resorted to in aid of the special findings as against the general verdict. If the latter is contrary to the evidence or admission made during the trial, this is good ground for setting it aside, but not for disregarding the verdict, and accepting the evidence or admissions of the parties instead. As said, the verdict is decisive of all issues submitted not specially found by the jury, and precisely as conclusive. If the special interrogatories have no evidence to sustain them, this is taken as proof that the jury has been moved by improper influences, such as passion or prejudice, and a new trial is awarded as of course. *Heath v. Mining Co.*, 65 Iowa, 737; *Jeffrey v. Railroad Co.*, 51 Iowa, 439; *Baldwin v. Railway Co.*, 63 Iowa, 210.

Is there any reason why the same rule should not apply to findings made by the verdict not included in the answers to the special interrogatories ? If the answer to the interrogatory may not be abandoned, and instead the evidence resorted to, neither can a verdict in response to issues other than those passed upon in such answers. It is suggested by appellee that a verdict is not essential in every case tried to a jury as a basis for judgment. If not, it is because, as a matter of law, the rights of the parties are indisputably fixed by the record. See *Wylliss v. Ham*, 47 Iowa, 614; *Allen v. Wheeler*, 54 Iowa, 628; *Cahill v. Railway Co.*, 20 C. C. A. 184 (74 Fed. Rep. 290). But such a rule, if upheld, has no application to a case where the right of recovery depends on conclusions based on conflicting evidence. When a portion of the facts are in controversy, the findings as to these are discredited by the answer with respect to others, if contrary to the undisputed evidence—to the truth. In such circumstances, neither the verdict nor the special findings should stand, as necessarily they are founded on an errone-

ous conception of the jury's duty. And the evidence, when absolutely against a special finding or the verdict, ought not to be taken in aid of other findings thereby discredited, but rather all should be set aside as unworthy of confidence. It follows that judgment *non obstante* must rest on facts found by the jury, rather than those which are thought might or ought to have been found. To ascertain the issues, if any, settled by the general verdict, other than specially decided in answer to interrogatories, the pleadings are necessarily examined. Of course, the matters therein admitted or issues withdrawn by the instructions were not for the jury's decision, and, "to entitle a party to a judgment on special findings against a general verdict in favor of his adversary, the special findings must be inconsistent with the general verdict, and must of themselves, or when taken in connection with the facts admitted by the pleadings, be sufficient to establish or defeat the right of recovery." *Conners v. Railway Co.,* 71 Iowa, 492; *Lamb v. Society,* 20 Iowa, 130; *Hardin v. Branner,* 25 Iowa, 364; *Crouch v. Deremore,* 59 Iowa, 45; *Conners v. Railway Co.,* 71 Iowa, 490; *Kerr v. Waterworks Co.,* 95 Iowa, 509; *Hammer v. Railway Co.,* 61 Iowa, 61; *Case v. Railway Co.,* 100 Iowa, 490; *Hawley v. City of Atlantic,* 92 Iowa, 174. In *Krauskopf v .Krauskopf,* 82 Iowa, 535, the instructions were referred to, but it was said they correctly presented the issues as made in the pleadings. Also, see, *Baird v. Railroad Co.,* 55 Iowa, 125. In *Newman v. Railway Co.,* 80 Iowa, 678, the evidence was referred to for explanation of answers to the interrogatories. In *Coffman v. Railway Co,* 90 Iowa, 462, the evidence was reviewed to show a proper construction was put on the pleadings. After referring to the above rule, it was said: "It is proper, in that connection, to consider admissions of the parties, whether made in the pleadings or by other means." Just what was intended does not appear. "Admissions by other means" had not been taken into consideration, and the remark must be regarded as mere *dicta.* Not-

withstanding the vigorous criticism by appellee of the rule, announced by this court more than 35 years ago and since followed, we think it sound in principle, and supported by the decisions of another state having a similar statute.   *Cook v. Howe,* 77 Ind. 442; *City of Ft. Wayne v. Patterson,* 3 Ind. App. 34 (29 N. E. Rep. 167); *Pennsylvania Co. v. Smith,* 98 Ind. 42; *Baltimore O. & C. R. Co. v. Rowan,* 104 Ind. Sup. 88 (3 N. E. Rep. 631).

II.   The appellant contends that, looking at the special findings of the jury in connection with the pleadings, they cannot be said to be inconsistent with the general verdict.   The first is in entire harmony therewith; for it finds that the plaintiff in approaching the crossing, in the exercise of care and prudence, looked and listened for the coming of trains.   That he could have seen defendant's train, had he looked from some place on the last or long bridge, before a point 50 feet from the track had been reached, as found in answer to second interrogatory, or could have seen it when 50 feet from said crossing, as stated in answer to the third, does not necessarily render him negligent in not looking and listening for its approach. How he might have seen the train from the points indicated, and what must have been done to enable him to do so, is not disclosed.   All that was required of him was that he exercise ordinary care in looking and listening before going upon the track.   This does not mean that he should continually do so for several hundred feet before reaching it.   The traveler is held to the duty of looking and listening for approaching trains within a reasonable distance from the crossing, and, if this has been done, it is for the jury to say whether he was bound, in the exercise of ordinary care, to stop, and look and listen, or to look and listen without stopping at some other point nearer or further therefrom.   *Winey v. Railway Co.,* 92 Iowa, 622; *Mackrall v. Railroad Co.,* 111 Iowa, 547.   As was observed in *Railroad Co., v. Ogler,* 35 Pa. St. 60 (78 Am. Dec. 324):

"If there was no notice by blowing the whistle—
a thing required to be done before reaching the
point, and usually done—a traveler accustomed to expect
this would not be so likely to look out for the dan-
ger, or be in such a preparedness to avoid it, as he otherwise
might have been, and this without any culpable negligence
on his part." See *Harper v. Bernard,* 99 Iowa, 159.   Ap-
pellant insists that plaintiff was bound to look within the
last 50 feet.   He may have done so for all that appears
from this record.   But we know of no case fixing such a
limit.   In those relied on, there were natural impediments
to hearing or sight until within a few feet of the track.   See'
*Schaefert v. Railway Co.,* 62 Iowa, 627; *Pence v. Railway
Co.,* 63 Iowa, 753; *Jobe v. Railroad Co.,* 71 Miss. 734 (15
South. Rep. 130); *Houghton v. Railroad Co.,* 99 Mich. 308
(58 N. W. Rep. 314).

One may not protect himself by looking when, because
of obstructions, he cannot see, and omitting to look when
he might have seen the danger to be avoided.   The distance
from the intersection within which the traveler must look
for approaching trains cannot be definitely fixed.   That
must, of necessity, depend largely upon the topography of
the surrounding land, the obstructions, if any, natural or
artificial, the extent of the view up and down the track, and
possibly other circumstances.   Now, the first finding, as
well as the verdict, is to the effect that plaintiff did look and
listen as prudence and care dictated.   He may have done
so several times, and either or both, when within 100 feet,
and less than 50 feet.   All that the second and third findings
decide is that notwithstanding he had done all that was ex-
acted in the exercise of ordinary care, he might have seen
the train had he looked when at the points mentioned
in the interrogatories.   As to the seventh, it may be
said that, even though the weeds had been mowed,
it is not found other obstructions did not exist.   It is plain
that the jury concluded that as plaintiff had taken all the

precautions exacted by the law in looking and listening else-
where, but within a reasonable distance from the crossing,
he was not negligent in failing to observe the train from the
points indicated in the second and third interrogatories.
Only by a resort to the evidence, which is not permissible,
might any other conclusion be reached.—REVERSED.