EMMA CONWELL, Appellant, v. TRI-CITY RAILWAY COMPANY.

**Verdict:** PRESUMPTIONS: JUDGMENT ON SPECIAL FINDINGS. Every material issue submitted to the jury will be presumed to have been found on sufficient evidence for the party in whose favor the general verdict is returned, unless the jury specially find otherwise; and resort to the evidence cannot be had in aid of the special findings as against the general verdict. In the instant case the special findings failed to negative the allegations of negligence submitted to the jury.

*Appeal from Scott District Court.*— HON. A. P. BARKER, Judge.

TUESDAY, JULY 2, 1907.

ACTION to recover damages for personal injuries received by plaintiff on account of having been put off defendant's street railway car at a point which was not her destination, and which was a dangerous place for alighting, and at a place from which she could not reach her destination in the ordinary manner without encountering the danger which occasioned the injury. The issues arising on a general denial of the allegation of plaintiff's petition were submitted to a jury, and a verdict was rendered for the plaintiff. Defendant's motion for judgment in its favor *non obstante,* based on answers to four special interrogatories, was sustained, and plaintiff appeals.— *Reversed.*

*Salinger, Scott & Theophilus,* for appellant.

*Cook & Dodge,* for appellee.

McCLAIN, J.— On a motion for judgment as against a general verdict based on special findings, every issue raised by the pleadings and not eliminated by the instructions will be presumed to have been found for the party in whose favor the general verdict is returned, and it will be presumed that such findings are supported by sufficient evidence; but the special findings cannot be added to or supported by the evidence, and must be given effect only so far as they necessarily negative the findings which might otherwise be assumed in support of the general verdict. *Schulte v. Chicago, M. & St. P. R. Co.,* 114 Iowa, 89.

It was alleged in the petition that plaintiff was a passenger on one of defendant's cars, *en route* from Rock Island to Le Claire street, in Davenport, defendant being advised of her destination, and that she was invited, directed, and caused by defendant to alight before her said destination was reached, her destination being a usual, regular, and customary stop for defendant's cars, and that the place at which she was caused to alight was on account of the darkness a dangerous place for alighting, and a place from which it was dangerous for her to go to Le Claire street, upon the course which she would naturally, reasonably, and properly be compelled to travel in order to reach Le Claire street after leaving defendant's car at the place at which she was caused to alight. The jury was instructed that the defendant's street car line did not at any point cross Le Claire street, so that, strictly speaking, there was no Le Claire street crossing, but that, if the jury should find from the evidence that there was upon defendant's line a certain place where it was its habit or custom to stop its cars for the purpose of permitting those of its passengers from Rock Island, whose destination was communicated to the conductor as being Le Claire street, to alight, and that, when plaintiff asked to be let off at Le Claire street, she meant

this particular place, and the conductor so understood, then the jury would be warranted in finding that such place was Le Claire street, the destination designated by plaintiff. The jury was further instructed that, if it should find from the evidence that there was another place than that already described at which it was also customary for the defendant to let off passengers upon its line from Rock Island to Davenport whose destination was Le Claire street, which was convenient of access to Le Claire street, then the jury could not find that there was any negligence upon defendant's part in causing the plaintiff to alight at such other place, which is described as the place at or near the end of the United States government bridge at which the plaintiff was in fact caused to alight.

As we cannot resort to the evidence in support of the special findings on which judgment for defendant notwithstanding the verdict for plaintiff was predicated, we find it somewhat difficult to make clear the facts which are to be assumed as proven in support of the general verdict. But from the allegations of the petition, the instructions of the court, and the special findings, we are justified in stating the following facts as established, in the case: Plaintiff, as a passenger on defendant's car from Rock Island to Davenport, designated Le Claire street as her destination. Defendant's line does not cross Le Claire street, but there are two stopping places, at either of which it is usual and customary for passengers on defendant's cars from Rock Island to Davenport, who desire to reach Le Claire street, to alight from said cars, one of these places being north and west of the Chicago, Milwaukee & St. Paul railroad tracks, and the other a safety stop at or near the north end of the government bridge. But it is specially found by the jury that the plaintiff informed the conductor that her destination was Le Claire street, and that the conductor caused her to alight at the safety stop near the north end of the government bridge, which was before she reached her destination. This

last finding necessarily determines that the destination indicated by plaintiff to the conductor was the Le Claire street stop north and west of the Chicago, Milwaukee & St. Paul tracks.  Plaintiff was caused to alight at the end of the government bridge, which was not her destination, and, while this stopping place may have been convenient of access to Le Claire street and a place at which passengers destined for Le Claire street were in the habit of alighting, if they elected to do so, there is nothing in the record to negative a finding in support of the general verdict, which must be presumed, if necessary to support it, that this place was, as alleged in the petition, a dangerous place to alight under the circumstances, and a dangerous place from which to go to Le Claire street.  In short, if plaintiff designated the stop north and west of the Chicago, Milwaukee & St. Paul tracks as her destination, and was put off at the stop near the north end of the government bridge, it is no answer to plaintiff's allegation that the stop at which she was put off was one at which it was usual for passengers to alight who desired to go to Le Claire street, if it was under the circumstances of this particular case a dangerous place to alight, and one from which it was dangerous to go in order to reach Le Claire street.  We reach the conclusion that the special findings did not negative the allegations of negligence in plaintiff's petition which were by the court submitted to the jury, and on which the jury might have predicated its general verdict in plaintiff's favor, and that the judgment based on the special findings was therefore erroneous.  Notwithstanding the special findings, the trial court should have rendered a judgment on the general verdict in plaintiff's favor.

Appellant's motion to strike appellee's additional abstract setting out the testimony is submitted with the case. As a review of some of the points made in plaintiff's brief would have necessitated a consideration of the evidence, appellee was justified in presenting the evidence which it might be necessary to consider in an additional abstract, and appellant's motion is overruled.— *Reversed.*