FARMERS SAVINGS BANK OF ARISPE, Appellee, v. BURR
FORBES & SON ET AL., Appellants.

**Judgment upon special interrogatories.**   Judgment should not be
entered upon special interrogatories submitted to the jury unless
the answers cover every issue involved, when taken in connec-
tion with the pleadings (and possibly the instructions), and are
sufficient in themselves to enable the court to determine which
party is entitled to judgment without any reference to the testi-
mony.

In this action upon promissory notes it is held that the answers
to the special interrogatories did not cover the issue sufficiently to
authorize an entry of judgment against endorsers of the notes,
under the above rule.

**Appeal:** REVERSAL: SUBSEQUENT PROCEEDINGS.   In this action against
the maker and endorsers of a note a verdict was returned against
the maker only, and the jury also answered certain special inter-
rogatories on which the plaintiff moved for judgment against the
endorsers and alternatively for a new trial in case the motion
for judgment was not sustained; and it is *held* that upon reversal
of the judgment on the special interrogatories the case would
stand for trial on the alternative motion of plaintiff for a new
trial.

*Appeal from Union District Court.*—HON. H. K. EVANS,
Judge.

WEDNESDAY, JULY 5, 1911.

ACTION upon two promissory notes executed by the
Arispe Mercantile Company to Burr Forbes & Son. The
notes were also signed by Burr Forbes, president, and
Frank Forbes, secretary. They also purport to have been
indorsed in blank "Burr Forbes & Son." Plaintiff brought
action upon the first of these notes, alleging that they were
indorsed and delivered to it by Burr Forbes & Son. This

was denied by Burr Forbes & Son. Thereupon plaintiff added a second count alleging that the note in suit was in renewal of another and previous one for the same amount which had been indorsed and delivered to it by Forbes & Son, and judgment was asked on this note if it were found that the first was not indorsed or delivered to it. To this amendment Forbes & Son interposed a denial, stated that the purported indorsement of this first note in point of time was without consideration, and that it was never sold or delivered by them to plaintiff. On the issues joined the case was tried to a jury, which returned a general verdict against the Arispe Mercantile Company and answered certain special interrogatories which were submitted to them. On plaintiff's motion judgment was rendered for plaintiff against Forbes & Son, Burr Forbes, and Frank Forbes upon the answers given to these special interrogatories. They also moved that, if this relief be not granted, the verdict be set aside, and a new trial granted. From the judgment on the special verdict Burr Forbes & Son, Burr Forbes, and Frank Forbes appeal.—*Reversed* and *remanded*.

*Sullivan & Sullivan* and *Sullivan & Lee,* for appellants.

*R. Brown, J. H. Macomber,* and *Guernsey, Parker & Miller,* for appellee.

DEEMER, J.—The case has once been in this court and an opinion was filed which wil be found in 139 Iowa, 246. Reference is made to that opinion for a more particular statement of the case. The sole question which arises on this appeal is the correctness of the judgment ordered by the trial court upon the answers to the special interrogatories submitted to the jury. The court submitted to the jury four forms of verdict, one of which was to be signed

by the foreman and returned as the general verdict of the jury. The first of these contemplated a finding in favor of plaintiff against the Arispe Mercantile Company and Burr Forbes & Son; the second, a like finding against the Arispe Mercantile Company only; and, the third, a like finding against Burr Forbes & Son only; and, the fourth, a finding in favor of both the Arispe Mercantile Company and Burr Forbes & Son. The jury adopted the second form for its general verdict, and thereby found that plaintiff should have judgment against the Arispe Mercantile Company. But the court also submitted to the jury two interrogatories as follows:

(1) State whether or not $1,000 of the $1,250 which was credited in the pass book of Burr Forbes & Son by the plaintiff bank was a part of the transaction of making the original note of the Arispe Mercantil Company for the sum of $1,000 on May 25, 1904.

(2) Do you find that the $1,000 included in the $1,250 placed to the credit of Burr Forbes & Son in their pass book under date of about May 25, 1904, was furnished from the funds of plaintiff?

These interrogatories were answered by the jury, the answer to each being in the affirmative, and the judgment, so far as it is against Burr Forbes & Son, was based on these special findings. The contention for appellant is, first, that the general verdict against the Arispe Mercantile Company amounted under the circumstances to a general verdict in favor of Burr Forbes & Son, and that there were no such special findings as to warrant a judgment against them in contradiction of this general verdict; and, second, that, even if there was no general verdict one way or the other as to Burr Forbes & Son, there was no special verdict which would sustain a judgment against them.

The statutory provisions found in the Code as to verdicts so far as they are involved in this case are as follows:

Sec. 3725. The verdict of a jury is either general or special. A general verdict is one in which they pronounce generally for the plaintiff or for the defendant upon all or upon any of the issues.

Sec. 3726. A special verdict is one in which the jury finds facts only. It must present the ultimate facts as established by the evidence, and not the evidence to prove them, so that nothing remains to the court but to draw from them its conclusion of law.

Sec. 3727. The jury in any case in which it renders a general verdict may be required by the court, and must be so required on the request of any party to the action, to find specially on any particular questions of fact, to be stated to it in writing, which questions of fact shall be submitted to the attorneys of the adverse party before argument to the jury is commenced.

Sec. 3728. When the special findings of fact are inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly, or set aside the verdict and findings, as justice may require.

Without now determining whether or not there was a general verdict for Burr Forbes & Son et al., and assuming that as to them the jury did no more than return a special verdict or answer certain special interrogatories, the question yet remains, Was the trial court justified in ordering a judgment against them on this special verdict or upon the answers to the special interrogatories? It is not contended, nor could it well be under the record before us, that there was a general verdict in plaintiff's favor, and the judgment must find support in the answers given to the special interrogatories taken in connection with the pleadings. The issues tendered by the pleadings of Burr Forbes & Son and the individual members of the firm were that the first note in point of time was without consideration, and that no consideration passed from plaintiff to them on account of any purported indorsement of the note; and, second, that the note was not delivered by them or by any one else for them as indorsers of the note. They

pleaded that the indorsement on the second note in point of time was a forgery, and that there was no consideration for the indorsement. That the trial court understood these to be the issues will appear from its instructions from which we extract the the following:

· As·to the defendants Burr Forbes & Son, you are instructed that an indorsement of the note in question as admitted by them imports a consideration, and the holding of the note by the plaintiff imports rightful possession, and, in order for Burr Forbes & Son to defeat recovery on said note, the defendant Burr Forbes & Son must prove by a preponderance of the evidence that there was no delivery of the note to the plaintiff, and, if the defendants Burr Forbes & Son have shown there was no valuable consideration for the indorsement, or that there was no delivery thereof to the plaintiff, then you should find for the defendants Burr Forbes & Son, Burr Forbes, and Frank Forbes. If the defendants Burr Forbes & Son have not so proven as to the defendants Burr Forbes & Son, Burr Forbes, and Frank Forbes, you should find for the plaintiff . . . As to practical means of arriving at your verdict, you should first take up the first claim of plaintiff which is on the note introduced in evidence as Exhibit A, and dated September 3, 1904, for $1,000, and, if you find plaintiff entitled to recovery, you should determine against whom the verdict should be found, and so return your verdict, and in that case you need go no further.

Now, it appears from the general verdict that the jury did not find for plaintiff against Burr Forbes & Son and the individual members thereof on the note of September 3, 1904, manifestly for the reason that their alleged indorsement was a forgery; and the only question presented by this record is whether or not the trial court was right in ordering judgment against them on the first note in point of time, upon the pleadings, instructions, and answers to the special interrogatories. We shall not take time to consider

1. JUDGMENT UPON SPECIAL INTERROGATORIES.

whether or not there is any distinction between answers
to special interrogatories and a special verdict under our
statute, and shall assume for the present that there is
none.  But with this conclusion it is nevertheless true that
there can not be a judgment upon answers to special in-
terrogatories, unless these answers cover every issue in the
case, and, when taken in connection with the pleadings
(and possibly with the instructions), are in themselves suffi-
cient to enable the court to determine which party is en-
titled to the judgment without referring to the testimony.
See, as supporting this rule, the following:  *Crouch v.
Deremore,* 59 Iowa, 43; *Schultz v. Cremer,* 59 Iowa, 182;
*Heffner v. Brownell,* 78 Iowa, 648; *Schulte v. Railroad
Co.,* 114 Iowa, 89; *Conwell v. Railway Co.,* 135 Iowa,
190; *Morbey v. Railroad Co.,* 116 Iowa, 84; *Pumphrey
v. Walker,* 75 Iowa, 408.  From *Schulte's* case we quote
the following:

·As has often been held, these findings or answers to
special interrogatories should relate to ultimate facts in-
hering in the verdict deciding issues, more or less import-
ant, necessarily to be passed upon in making up the general
verdict.  When these cover every fact or issue in contro-
versy, the right to recover becomes purely· a question of
law.  It is then like determining the rights of the parties
upon an agreed state of facts, so, where a fact is absolutely
essential to recovery, a finding negativing its existence will
be conclusive without more.  But often the interrogatories
do not include all the issues of fact essential to reach a
legal conclusion, and then it becomes of the utmost im-
portance to know what extrinsic matters, if any, may be
resorted to in aid of these findings.  Every reasonable pre-
sumption is to be indulged in favor of the general ver-
dict.  All essential facts inhere therein when the contrary
is not made to appear from the special findings.  So that
every question of fact raised during the trial, unless with-
drawn from the jury by the court, is answered, though
not specially found in response to some interrogatory.  It
is for this special reason that the evidence may not be
resorted to in aid of the special findings as against the gen-

eral verdict.   If the latter is contrary to the evidence or
admission made during the trial, this is good ground for
setting it aside, but not for disregarding the verdict and
accepting the evidence or admission of the parties instead.
.  .  .   It follows that judgment *non obstante* must rest
on facts found by the jury, rather than those which are
thought might or ought to have been found. To ascertain
the issues, if any, settled by the general verdict, other than
specially decided in answer to interrogatories, the plead-
ings are necessarily examined.   Of course, the matters
therein admitted or issues withdrawn by the instructions
were not for the jury's decision, and, to entitle a party
to a judgment on special findings against a general verdict
in favor of his adversary, the special findings must be in-
consistent with the general verdict, and must of themselves,
or when taken in connection with the facts admitted by the
pleadings, be sufficient to established or defeat the right
of recovery.

And from *Conwell's* case we quote this language:

On a motion for judgment as against a general verdict
based on special findings, every issue raised by the plead-
ings and not eliminated by the instructions will be pre-
sumed to have been found for the party in whose favor the
general verdict is returned, and it will be presumed that
such findings are supported by sufficient evidence, but the
special findings can not be added to or supported by the
evidence, and must be given effect only so far as they nec-
essarily negative the findings which might otherwise be as-
sumed in support of the general verdict.   *Schulte v. Chi-
cago, M. & St. P. R. Co.,* 114 Iowa, 89.  .  .  .   As we
can not resort to the evidence in support of the special
findings on .which judgment for defendant notwithstand-
ing .the verdict for plaintiff was predicated, we find it
somewhat difficult to make clear the facts which are to be
assumed as proved in support of the general verdict, but .
from the allegations of the petition, the instructions of
the court, and the special findings, we are justified in
stating the following facts as established in the case.

The opinion in *Crouch's* case uses the following lan-
guage:

There is no direct averment in the petition that the warrant was not delivered to the plaintiff, nor to any person upon his order. The plaintiff predicated his right of recovery wholly upon the ground that the defendant obtained the warrant from the clerk by fraud. Now, unless the special verdict in connection with the pleadings shows such to be the fact, the plaintiff was not entitled to judgment. The jury did not find that the defendant obtained the warrant by fraud. There is nothing in it to overcome the presumption that the clerk delivered it to the plaintiff or to some person upon his order as it was his duty to do. But it is insisted that, under the verdict and pleadings, the law raised a conclusive presumption that the defendant obtained it by fraud, and that the court was justified in rendering judgment upon such presumption. The plaintiff's theory is that as the defendant averred that he obtained the warrant from Paddock, and that, as the jury found that he did not, it is therefore to be conclusively presumed that he obtained it from the clerk by fraud. The warrant which the defendant avers that he obtained from Paddock is denominated in the answer as 'a certain warrant,' the warrant in question. We do not think that it necessarily followed from the mere fact that he did not obtain the warrant from Paddock that he obtained it from the clerk by fraud.

These are accurate statements of the rule which prevails, not only in this jurisdiction, but practically everywhere. Tested by these rules, it is apparent that, taking the issues made by the pleadings, the instructions given by the trial court, and the answers to the special interrogatories, there is not enough to justify the judgment ordered by the trial court against Burr Forbes & Son, Burr Forbes, and Frank Forbes. The pleadings raised these issues, not settled by any admissions in the pleadings or by the instructions and not answered by the special interrogatories, to wit, the delivery of the note, the consideration for the indorsement thereof, and the consideration for the note itself. It makes no difference so far as this point is concerned that the burden was upon the defendants as to some, if

not all, of these issues. We can not go to the testimony in the case to determine whether or not this burden was met. Our inquiry is confined to the issues made, and we can only consider admissions made in the pleadings, the answers given to the special interrogatories, and possibly the instructions. With all of these before us it is apparent that there is not enough to justify the judgment rendered.

II. After the verdict was returned in the lower court, Burr Forbes & Son and Burr Forbes and Frank Forbes filed motions for judgment on the special findings or a

*2. APPEAL: reversal: subsequent proceedings.*

judgment *non obstante,* and also an alternative motion for a new trial in the event the motion for judgment be overruled. The trial court rendered a written opinion, and from this we extract the following:

The defendants Burr Forbes & Son, Burr Forbes, and Frank Forbes filed a motion for a judgment in their favor, but the court is persuaded that under the findings of the jury, there being no general verdict in favor of Burr Forbes & Son, the court could not sustain this motion. Therefore the motion of Burr Forbes & Son and Burr Forbes and Frank Forbes for a judgment in their favor as against the plaintiff is overruled. . . . Now, in view of the fact that there is no general verdict in favor of Burr Forbes & Son or Burr Forbes and Frank Forbes, the court is of the opinion that the special findings of the jury are such that it is the duty of the court to render a judgment upon said special findings against Burr Forbes & Son and Burr Forbes and Frank Forbes as individual members of said firm, as there is no dispute as to the membership of the firm of Burr Forbes & Son, all the evidence disclosing that the firm was composed of the two gentlemen named. . . . The motion therefore of the plaintiff for judgment against Burr Forbes & Son, a partnership, and Burr Forbes and Frank Forbes as members of said partnership, is sustained. The plaintiff filed a motion for a new trial in the case of Burr Forbes and Frank Forbes in case the court should overrule its motion for a judgment, but, in

view of the ruling of the court on the motion for judgment, there will be no occasion to grant a new trial. Therefore, the motion of the plaintiff for a new trial as against Burr Forbes & Son, Burr Forbes and Frank Forbes is over-ruled.

Finding as we do that the trial court was in error in ordering judgment on the motion *non obstante,* it leaves the case so far as defendants are concerned standing on the alternative motion by plaintiff for a new trial. Defendants Burr Forbes & Son and the individual members of the firm are not entitled in this court, as we view it, to a judgment on their motion, for there is no express finding of the jury in their favor. True, the jury did not expressly find against them, and, as we view it, rendered no general verdict either way. This is what the trial court found; but, instead of having the jury correct its verdict, it proceded upon the theory that there was no general verdict either way, but was enough in the testimony and the answers to the special interrogatories to justify a judgment against Burr Forbes & Son et al. In considering the testimony in aid of the answers to the interrogatories, the court was in error, and, as the ruling on plaintiff's motion for a new trial was bottomed upon the proposition that the judgment *non obstante* should be rendered, the effect of this reversal is to leave the matter standing on plaintiff's motion for a new trial as to Burr Forbes & Son et al. Upon that motion plaintiff has not as yet had a hearing, and to this it is enttled. Because of the nature of the court's ruling thereon, we have no occasion to consider the merits of the motion for a new trial; indeed, the case is not in such condition as that we may rule upon this motion. The trial court has not done so save in the manner already indicated, and, until it does rule, we can not review the matter. While the case must be reversed, no judgment can at this time be rendered here. The reversal

will be with directions to the trial court to overrule the motion for judgment *non obstante,* and to consider plaintiff's motion for a new trial. As already indicated, we do not think defendants Burr Forbes & Son are at this time entitled to judgment on their motion, and their motion for judgment is subject to plaintiff's motion for a new trial.

The judgment must be reversed and the cause is remanded for further action upon plaintiff's motion. for a new trial as to defendants Burr Forbes & Son et al., and defendants' motion for judgment on the verdict.—*Reversed and remanded.*