THE FARMERS SAVINGS BANK OF ARISPE, IOWA, Appellee, v. BURR FORBES & SON and others, Appellants.

**New trial:** WAIVER BY MOTION FOR JUDGMENT. Where the general
1   verdict against one defendant in the action made no reference to
    the other defendants, plaintiffs motion for a new trial was not
    waived by the filing of a motion for judgment on special findings
    against another defendant, as alternative relief.

**Same:** DEFECTIVE VERDICT. Where a verdict was returned against only
2   one of two defendants, with no reference to the other, the court
    was not authorized to enter judgment against the other defendant,
    but should grant a new trial.

*Appeal from Union District Court.*—HON. H. K. EVANS, Judge.

WEDNESDAY, MARCH 12, 1913.

APPEAL of defendants Burr Forbes & Son, Burr Forbes, and Frank Forbes, from an order granting a new trial.— *Affirmed.*

*Sullivan & Lee,* for appellants.

*R. Brown,* for appellee.

WEAVER, C. J.—This case is now before us for the third time, and the rulings already made therein will be seen by reference to 139 Iowa, 246, and 151 Iowa, 627. In the opinions cited the facts are quite fully stated, and we shall not undertake their repetition at this time further than to say that the action was begun at law upon a promissory note alleged to have been executed by the Arispe Mercantile Company to Burr Forbes & Son, and by said firm indorsed to the plaintiff

bank. Both the Mercantile Company and Burr Forbes & Son were made parties defendant, and specially pleaded in defense want of consideration for the note and denial of its delivery. Forbes & Son also denied the genuineness of their alleged indorsement of the note. It is apparent, therefore, that, so far as the pleadings are concerned, the plaintiff might succeed or fail as to both defendants, or might recover as to one, and fail as to the other. When the evidence was closed, the court instructed the jury in writing, and accompanied its charge with four blank forms of verdict, as follows: (1) For plaintiff against all the defendants. (2) For plaintiff against the Mercantile Company. (3) For plaintiff against Forbes & Son and the individual partners of that firm. (4) For the defendants generally. No specific form was submitted for a verdict in favor of Forbes & Son, but the jury were so instructed that a finding of that kind could properly have been returned.

With the instructions the court at plaintiff's request submitted to the jury two special interrogatories as follows:

(1) State whether or not $1,000 of the $1,250 which was credited in the passbook of Burr Forbes & Son by the plaintiff bank was a part of the transaction of making the original note of the Arispe Mercantile Company for the sum of $1,000 on May 25, 1904.

(2) Do you find that $1,000 included in the $1,250 placed to the credit of Burr Forbes & Son in their passbook under date of about May 25, 1904, was furnished from the funds of plaintiff?

The jury returned a verdict upon the second form submitted by the court in favor of the plaintiff against the Mercantile Company for the amount claimed, but did not include or mention in said verdict the name of any other defendant. None of the other forms were used, and no other general verdict was returned. The two special interrogatories were each answered in the affirmative. Thereafter, and before the entry of any judgment, the plaintiff moved notwithstanding the

general verdict that judgment be entered in its favor against
Forbes & Son because of the answers returned to the special
interrogatories. Plaintiff further moved in the event of its
demand for judgment upon the special interrogatories being
denied that a new trial be granted because of alleged errors
appearing in the record, and because no verdict whatever had
been returned upon the separate issues between itself and the
said Forbes & Son. The defendants also moved for judgment
in their favor for costs. The court sustained the plaintiff's
motion for judgment on the special findings, but did not rule
on the application for new trial. The defendant's motion for
judgment was denied. Said judgment was reversed by this
court upon the second appeal above mentioned because in our
opinion the special findings were insufficient to sustain the
ruling of the trial court, and the cause was remanded for a
ruling on the motion for new trial, and for further proceed-
ings not inconsistent with said decision. Remand being made,
the trial court sustained the motion for a new trial, and it is
from this ruling the present appeal has been taken.

Appellant seems to claim that by filing the motion for
judgment on the special findings the appellee waived its
motion for a new trial. Our statute (Code, section 3759)
expressly provides that such motion may be
filed and insisted upon without waiving the
right to a new trial upon motion filed in the
statutory time therefor. Counsel cite us, however, to *Schulte
v. Railroad Co.,* 114 Iowa, 89, as holding to the contrary rule.
But that precedent is not in point either upon the facts in-
volved or the principle applied. In the *Schulte* case there
was a general verdict upon which the trial court could have
rendered judgment in defendant's favor, but here there is
no verdict in form or substance as between plaintiff and Forbes
& Son. Had there been such a verdict, even if irregular or de-
fective in form, the contention for an application of the rule
in the *Schulte* case would be much more plausible, and it may
be that the cause upon remand from this court would have

1. NEW TRIAL:
waiver by mo-
tion for judg-
ment.

stood for judgment upon that verdict. As it was, when the case went back, the record showed simply a finding in favor of plaintiff against the Mercantile Company, and there was an undoubted right to judgment thereon against the company, if, indeed, one had not already been entered. As between plaintiff and Forbes & Son, as we have already remarked, it showed no finding of any kind. The record did show a motion for a new trial which had never been ruled upon, and by the express order of this court in directing the remand plaintiff stood in that court with the right to demand the entry of a ruling sustaining or denying the motion. Had we been disposed to consider the motion waived, we should not have gone through the form of sending it back for a ruling by the court below.

It is contended that the return of a verdict against the Mercantile Company is by inference a finding sustaining the defense offered by Forbes & Son, but we are not willing to go to that extent. If there had been a verdict defective in form or expression, but containing sufficient in itself or in connection with the record generally to enable the court to fairly read a finding in favor of the appellants, it would be the duty of the court to give it effect accordingly. We may also add that where, as in this case, there is an entire absence of any finding on a distinct issue between the plaintiff and one of the defendants, it is not in our judgment within the province of the court to supply such finding by inference. Had the omission been noticed in time, it would, of course, have been competent for the court to call it to the jury's attention and send them back to their room to formulate and return their finding. It is quite possible, of course, that the jury intended to find a verdict against the Mercantile Company only, and to relieve Forbes & Son from liability, and that they were misled in making up their verdict by the omission of the trial court to include an appropriate form of verdict among those attached to the written instructions, but the court cannot be permitted to

2. SAME: defective verdict.

substitute these inferences or argumentative conclusions to supply the want of a verdict in some form. To do so would open the door to easy abuse. It is better to consider the record as disclosing a mistrial and direct the impaneling of another jury.

In adopting this course the trial court committed no error. The appeal cannot be sustained, and the order appealed from is *Affirmed.*