## MOORE v. DEVOL et al.

1. EVIDENCE IN REPLEVIN. The sufficiency of evidence to sustain a verdict in replevin considered and determined.

2. VERDICT IN REPLEVIN. When in an action of replevin the verdict was, "We, the jury, find the right of the property in the plaintiff, except one hundred dollars which was not covered by the mortgage," it was held, that the court erred in reforming the verdict and in rendering a judgment for a return by the plaintiff to the defendant of one hundred dollars' worth of property, and in ordering in default thereof execution for that sum.

*Appeal from Henry District Court.*

SATURDAY, OCTOBER 18.

REPLEVIN. The plaintiff claims the right to the possession of the property in controversy in pursuance of the terms of a chattel mortgage executed by one Stowe.

The defendant as sheriff, justifies his taking and detention by virtue of a levy under an execution issued on a judgment against said Stowe and in favor of Kiggins and Kellogg.

Upon trial, the jury returned the following verdict:

"We, the jury, find the right of the property in the plaintiff, except one hundred dollars which was *not covered* by the mortgage."

The record shows that after the rendition of the verdict, the court ordered the clerk to put the verdict in proper form, without the consent of plaintiff, and the clerk thereupon changed the verdict so that it reads as follows: "We the jury, find the right of possession of the property in controversy in the plaintiff, except one hundred dollars' worth of goods, the right of possession of which we find in the defendants, which was not covered by the mortgage."

Upon the verdict as thus put in form, the court rendered a judgment in favor of defendants, that plaintiff return within five days the one hundred dollars' worth of goods,

and in default thereof that defendants have judgment and execution for said sum.

Motion for a new trial and in arrest of judgment being overruled, plaintiff appeals.

*Clark & Doolittle* for appellant.

No appearance for appellee.

BALDWIN, C. J.— So far as the assignment of errors refers to the instructions of the court given upon its own motion, and at the instance of defendants, we think it unimportant to consider.   The verdict of the jury upon the issues made by the pleadings was in favor of plaintiff, so that if there was error in this ruling of the court it was without prejudice to plaintiff.   The questions properly presented are, whether under the pleadings and evidence the jury could find as they did for the defendant as to the one hundred dollars' worth of goods, and whether the court had the power to modify as it did the verdict for the jury and render judgment thereon.

We think there is no evidence to justify this verdict. The only testimony upon this branch of the case is, that the mortgage was given to plaintiff "perhaps one hundred dollars of new stock in store consisting of periodicals, that they were under the counter at the time of the replevin, that Moore, the plaintiff, got none of the periodicals on his replevin, that they were never taken from the store and Moore and his attorney never claimed any ; he also stated that the periodicals not replevied were of little value."

The plaintiff did not by his pleading claim any of the property of the said Stowes, except such as was in the store at the time the mortgage was executed.   The one hundred dollars' worth of periodicals were purchased after the mortgage was given, and were therefore not claimed by the plaintiff.

There having been no issue made as to the property in the store not described in the mortgage, and the plaintiff never having claimed the same by his pleadings, and the evidence fully establishing the fact that he never received this property, that it was not taken upon the writ of replevin, that it was property that was of but little value, we are unable to see how the defendants were entitled to recover the one hundred dollars. We think that the evidence fails to show any liability upon the part of plaintiff for this property. Again, we think that if the officer took any property under the writ not claimed by the plaintiff, he is the one that is liable therefor. We are also of the opinion that the court erred in putting the verdict into the form that it did.

The jury did not find that the one hundred dollars' worth of periodicals were wrongfully taken by plaintiff, that the defendants were entitled to the possession thereof and that the value of such property was one hundred dollars. This is the substance of the verdict as put into form by the order of the court. The jury without doubt refer to the one hundred dollars' worth of property incidentally, not as fixing the value thereof, but as identifying the property that plaintiff should not recover for.

Without any claim upon the part of plaintiff for this particular property, and without any evidence showing a taking or detention by him, or any value fixed upon said property at the date of the replevin, we are unable to see how the court could properly render the judgment it did upon the verdict. As to the power of the court to put verdict in form, see *Fromme* v. *Jones*, 13 Iowa, 474.

Reversed.