JAMES HARPER v. J. F. BARNARD, Receiver of THE OMAHA & ST. LOUIS RAILWAY COMPANY, Appellant.

**Contributory Negligence:** JURY QUESTION: In an action for injuries received at a railroad crossing, where the negligence charged was the failure of the defendant to give the signals required by McClain's Code, section 2003, and which the jury, by their verdict in plaintiff's favor, must have found were not given, there was evidence that the morning was dark and stormy, and that along the highway there was a growth of shrubbery, covered with snow, which obstructed the view of plaintiff, who was approaching the track in a buggy; that he stopped twice before reaching the crossing and looked and listened for trains, the last stop being made within thirty feet of the track, and that when within ten feet thereof he glanced up and down the track. *Held*, sufficient to warrant a finding that plaintiff was not guilty of contributory negligence.

*Same.* A traveler on a highway has a right to assume that the signals for highway crossing, required by McClain's Code, section 2003, will be given.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, OCTOBER 14, 1896.

ACTION at law to recover for injuries to plaintiff's property and person, caused by his being run into by one of defendant's trains while traveling in a buggy at a public highway crossing. Plaintiff alleges that defendant's employes were negligent in running said train at a high rate of speed, and in not giving the signals required by law. He also alleges that he was free from negligence. The defendant answered denying generally. A verdict was returned in favor of the plaintiff for one thousand seven hundred and fifty dollars, and judgment entered thereon, from which the defendant appeals.—*Affirmed.*

*Theodore Sheldon* for appellant.

*W. P. Ferguson* for appellee.

GIVEN, J.—Appellee questions the sufficiency of the assignments of error. They are, in most instances, quite general, and not as specific as the rules of practice require; but the only assignment urged in argument by appellant, we think, is sufficiently specific to entitle appellant to a consideration thereof. The only complaint made on this appeal, by appellant, is that the court erred in overruling its motion for a verdict, and its motion for a new trial, on the ground that plaintiff was guilty of negligence contributing to the injuries conplained of. We have examined the evidence with care, and reach the conclusion that there was no error in these rulings. We think there is such conflict in the evidence as to require that the issue as to plaintiff's negligence should be submitted to the jury, and that, under the evidence, we should not disturb the finding of the jury on this issue. We will not set out nor discuss the evidence bearing upon this issue at length, but state sufficient of it to show that there was a conflict, and that the finding has support in the evidence: On October 29, 1894, about 10 A. M., plaintiff was traveling alone, south, in a one-horse top buggy, on a public highway that crosses defendant's track at right angles about one mile east of the town of Shenandoah. One of defendant's passenger trains, then running west on schedule time and at schedule speed, struck the rear part of plaintiff's buggy in which he sat, breaking the buggy, and inflicting personal injuries upon the plaintiff. All the witnesses agree that it was rather a dark cloudy morning, and that snow and rain were falling. They also agree that there was a growth of weeds, brush, and trees

along the east side of the highway north of the crossing to a point near to the crossing. They differ, however, essentially as to the effect that the snow and shrubbery had upon plaintiff's opportunity to observe the approach of defendant's train. Some say that the weeds and brush were such as to partially obstruct the view; that the snow that was falling adhered to the weeds and brush, so as to form a complete obstruction, while others say, that the weeds and brush were not a substantial obstruction, and that the snow did not adhere to them so as to hinder a view of the approaching train. Plaintiff testifies, that he stopped twice, as he neared the crossing, and listened, but heard no sound of the approaching train, the last stop being within twenty-five or thirty yards of the track. He says there were a good many leaves on the trees, with snow on, so that he could not see through them, sitting in the buggy. He states that he was familiar with the crossing, and the time of trains at that point; that he supposed a freight would soon pass, from the west; and that there was a train due to go west at 10 o'clock. He says: "When I got up within ten feet. I glanced up the west end of the road, because, thinking about the time of day. I didn't know but that passenger had gone by, and there is a freight usually comes right down after it, and I was going to look up to see about that at the danger point. I glanced toward Shenandoah, and then back again, to keep my eyes and ears at both ends of the road." The rule, as to the care that persons must exercise in crossing railroad tracks has been so frequently stated, and is so well understood, that authorities need not be cited.

Plaintiff was bound to exercise the care that ordinarily careful, prudent persons would exercise under the same circumstances. While he had no right to proceed, without looking or listening,

upon the assumption that no train would pass from either direction, he did have the right to proceed upon the assumption that the signals for highway crossings required by section 2003 of McClain's Code, would be given. That section requires that at such a crossing as this, the "whistle shall be twice sharply sounded at least sixty rods before the highway crossing is reached, and after the sounding of the whistle the bell shall be rung continuously until the crossing is passed." The negligence charged against the defendant was a failure to give these signals, and by their verdict the jury must have found that they were not given; and in view of this fact, and the evidence as to the care exercised by the plaintiff in twice stopping and listening, and in looking both ways, we think the jury was warranted in finding that he was not guilty of contributory negligence.—Affirmed.