JOHN MACKERALL v. THE OMAHA & ST. LOUIS RAILROAD
COMPANY, Appellant.

**Contributory Negligence:** JURY QUESTION: *Railroads.* Plaintiff, in approaching a railroad crossing, stopped his team, and looked and listened, when one hundred feet from the track. He then sat down with his back to the north, and drove slowly down a descent to the track. There was an embankment which obstructed his view of the track till within twenty feet of it. His attention was largely taken up with the bad condition of the road, and he did not notice a train coming from the north, till the team was going on the rails, and he was struck and injured. *Held*, not sufficient to show contributory negligence as a matter of law.

EVIDENCE: *Negative statements.* Evidence of witnesses who were near a train at the time of an accident at a crossing, that they heard neither the whistle or bell till the train passed the crossing, is not merely negative.

MISCONDUCT IN ARGUMENT. Where plaintiff's attorney in an action against a railroad, in which its employes were witnesses, stated in argument that if the employes of a railroad company did not testify as the company desired they would be discharged, but such language was held improper, and was withdrawn, the argument did not constitute prejudicial error.

*Appeal from Fremont District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, MAY 22, 1900.

ACTION for damages caused by a crossing collision. The defendant appeals from judgment on a verdict against it.—*Affirmed.*

*J. G. Trimble* and *G. B. Jennings* for appellant.

*W. P. Ferguson* for appellee.

Ladd, J.—The plaintiff, in approaching a crossing from the west, stopped his team, looked, and listened, when one hundred feet from the railway, without observing or hearing the train. He then sat down on the north side of the hayrack with his feet in the box below, his back to the north, and his face towards the team, and slowly drove down a descent to the track. From there to within fourteen feet from the center of the track was an embankment, which obstructed his view up to at least twenty feet from such center. His attention was drawn to the gullies recently washed in the road, though given somewhat to the railroad. Just as the team was going on the rails, he noticed the train coming from the north, only a few feet distant, and he was thrown in the air to the embankment. As the engine was moving at the rate of thirty-five miles an hour, there was no possibility of escape after its discovery, and the evidence tended to show that he saw it at the first opportunity. The appellant contends that this record conclusively establishes contributory negligence. Not so because of sitting down, as possibly this may have been a matter of precaution for the management of his team in going down grade, and to avoid the ruts and side ditches. Nor can it be stated as a matter of law that he should have stopped again to look and listen. In *Winey v. Railway Co.*, 92 Iowa, 622, it was said: "The rule, no doubt, is that if the traveler, having looked and listened without seeing or hearing an approaching train within a reasonable distance of the crossing, is, by reason of a neglect of the railroad company to blow the statutory whistle, run upon, and injured, liability attaches." See, also, *Harper v. Barnard*, 99 Iowa, 159; *Moore v. Railroad Co.*, 102 Iowa, 600. The authorities cited by appellant are not in point. In some of them, as in *Schneider v. Railway Co.*, 99 Wis. 378 (75 N. W. Rep. 169), the injured party stopped where his vision was obstructed, and failed to look at a point where he could see. In others, if he had looked, the situation was such as that he must have seen, as in *Bloomfield v. Railway Co.*

74 Iowa, 608. Under the circumstances disclosed, it was for the jury to say whether the plaintiff stopped within a reasonable distance from the track, or was bound, in the exercise of ordinary care, to do so again within the one hundred feet.

II. The engineer and fireman declared there were two long and two short blasts of the whistle at the whistling post, and from there to the crossing the bell was rung. The conductor and two passengers claim to have heard the whistle and also three section men, who were working forty rods below the crossing. On the other hand, the plaintiff testified that he heard no signals, and three others in a situation to hear, without their attention being diverted, say they heard neither the bell nor whistle until after the train had passed the crossing, when two blasts were sounded. Such evidence is not negative merely, as where a person, at a considerable distance, and giving attention to something else, declares he did not hear signals. See *Wickham v. Railway Co.,* 95 Wis. 23 (69 N. W. Rep. 982). The issue was for the jury to determine.

III. There was no abuse of discretion in permitting leading questions, nor in allowing the recollection of the engineer to be tested by inquiring whether he uniformly gave signals at crossings. The exceptions to the instructions are hypercritical, and demand no attention.

IV. It appears that defendant's counsel in his argument, urged that its employes, because of the confidence reposed in them, and responsibility of their positions, were entitled to superior credit as witnesses. To meet this, plaintiff's attorney argued that, as omission to give signals was contrary to the company's rules, and might subject the employes to criminal prosecution, they would undoubtedly lose their places if they refused to testify as the company desired. The court, on objection, held this to be improper, and it was withdrawn. Again, the attorney asserted, in substance, that loyalty and subserviency, rather

than truthfulness, was demanded by railroads, and that employes were discharged when they did not testify as was desired. The court promptly held this improper, an assertion unsupported by the evidence, and it was withdrawn. Undoubtedly, the supposed bias of an employe for his employer is not an objectionable inference to be drawn in argument. Here the attorney went further, and asserted the existenc of a reprehensible practice not shown to exist. As the court promptly reproved the conduct, and the remarks were withdrawn, the ruling that no prejudice resulted ought not to be disturbed. *Erb v. Insurance Co.*, 98 Iowa, 606; *Lindsay v. City of Des Moines*, 74 Iowa, 112; *Nicks v. Railway Co.*, 84 Iowa, 32.

Three pages of the appellee's amended abstract, on appellant's motion, will be taxed to appellee.—AFFIRMED.