S. H. STANLEY, Appellee, v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant.

Action for Personal Injury: INSTRUCTION REGARDING WEIGHT OF TESTIMONY: DISCRETION OF COURT. Instructions to aid the
1 jury in weighing the evidence are largely discretionary with the court, and where no abuse of discretion is shown the court's ruling in refusing an instruction on this subject will not be interfered with.

Instructions: ORDINARY CARE. On the question of contributory
2 negligence, an instruction which required of plaintiff the exercise of more than ordinary care, was properly refused.

Same: EXERCISE OF CARE. The standard of care required of one
3 injured is always ordinary care and prudence, though the degree of care is governed by the circumstances, and the exercise of proper care is ordinarily a jury question.

Instructions. Where the court's instructions cover the material matters in those asked, there is no error in denying those requested.

Same: POSITIVE AND NEGATIVE TESTIMONY. An instruction that
5 the testimony of a witness who says he heard the car gong ring is entitled to greater weight than the testimony of a witness who says he did not hear the gong, in view of the position of the witnesses, was properly refused.

Rate of Speed: NEGLIGENCE. The question of whether a high
6 rate of speed constitutes negligence is, ordinarily, for the

jury to determine from the surrounding facts and circumstances, and is to be considered with the other circumstances in determining the question of negligence.

Proximate Cause.  An instruction regarding the doctrine of
7  "proximate cause," if correctly stated, is not objectionable because of a failure to contain the term "proximate cause."

Future Pain and Suffering  Future pain and suffering are a
8  proper element of damage to be considered by the jury in a suit for personal injury.

Direction That Findings Must be Based on The Evidence Un-
9  It is not required that each instruction direct the jury that its finding must be based on the evidence, and an omission so to do will not render the instruction misleading.

Motion for new Trial:  EVIDENCE:  ORDINARY CARE:  CONTRIBU-
10  TORY NEGLIGENCE.  Evidence considered and held sufficient to support the ruling of the court denying a new trial on the ground that plaintiff failed to negative contributory negligence.

*Appeal from Cedar Rapids Superior Court.*—HON. J. H. ROTHROCK, Judge.

SATURDAY, FEBRUARY 7, 1903.

ACTION to recover damages for personal injuries received by plaintiff in a collision with a street car upon a street in the city of Cedar Rapids.  Trial to a jury.  Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*W. E. Steele* and *Powell, Harman & Powell* for appellant.

*Rickel, Crocker & Tourtellot* for appellee.

DEEMER, J.—While attempting to cross a street at the intersection of Third avenue and Second street west in the city of Cedar Rapids in a buggy in which he was riding, plaintiff was struck by a street car being operated on defendant's line of road, and received the injuries of which

he complains. The grounds of negligence on which the case was submitted to the jury were: (1) Running the car at a high, unreasonable, and dangerous rate of speed, and (2) failure to ring the gong or to give other signals to warn plaintiff of the approach of the car in time to avoid the collision. Complaint is made of the court's refusal to give certain instructions asked, of certain of these given by the court on its own motion, and of the denial of defendant's motion for a new trial, based on the ground that plaintiff was guilty of contributory negligence. Of these in the order stated.

Instruction one asked by defendant reads as follows:

"(1) The basis of this action is the alleged negligence of the defendant in the operation of one of its cars in some of the particulars set out in plaintiff's petition, and in your deliberations you will confine yourself to a consideration of the particular acts of negligence set out in plaintiff's petition. Negligence, in law, is defined as doing that which a person of ordinary prudence would not do under similar circumstances, or failure to do that which a person of ordinary prudence would do under the same or similar circumstances.

"Before the plaintiff can recover in this action, he must show by a preponderance of the testimony two things: First that the defendant was guilty of some act of negligence as defined above, and as set forth in his petition, which caused the injuries complained of; and, second, that he himself did no negligent act which contributed to such injuries.

"By a preponderance of testimony is meant the greater weight or value of the testimony, and not necessarily the greater number of witnesses. In determining the question of preponderance of the testimony, you will be at liberty to consider the opportunity the several witnesses who have testified had to see and understand the things about which they testified, and interest or lack of

interest in the event of this suit, and the actions and demeanor of the several witnesses while on the witness stand." Failure to give the last paragraph of the request is assigned as error.

In lieu thereof the court instructed, as follows: "(7) You are the judges of the facts. · The burden ·of the proof is upon the plaintiff to establish the material allegations of his petition by a fair preponderance of the evidence. By a preponderance of the evidence is meant the greater weight of the evidence, whic i does not necessarily mean the greater number. of witnesses. (8) You are the judges of the credibility of the witnesses. You have the right and it is your duty, not to consider such testimony as does not appear to you, as reasonable men, to be worthy of credence."

Taken as a whole, the instruction asked by defendant was erroneous, as applied to the facts of the case. There were four grounds of negligence stated in the petition, but

1. INSTRUC-
TION regard-
ing weight
of testimony:
discretion of
court.
two of which the court found were sustained by sufficient testimony to take them to the jury. Moreover, that part relating to the preponderance of the evidence was not strictly correct. As it reads, it would have no particular significance to a jury, for it merely gives it license to consider certain matters; whereas, if any instruction on the subject was demanded, it should have told them not only that they were at liberty to consider these things, but that it was their duty to do so. But, in any event, in view of the instructions given, there was no error in denying this request. The proposition involved related simply to matters to be considered in weighing evidence. These would occur to every sensible and reasonable man without any instruction, and courts may well assume that jurors are possessed of enough intelligence to understand these truths without having their attention specifically called

to them. The giving of such instruction was largely discretionary with the trial court in any event, and no abuse of that discretion is shown. *Taylor v. Railway Co.*, 76 Iowa, 757; *Doran v. Railway Co.*, 117 Iowa, 442; *State v. Viers*, 82 Iowa, 399; *Upton v. Paxton*, 72 Iowa, 300; *Bever v. Spangler*, 93 Iowa, 610.

II. The second, third, and fourth instructions asked by defendant read as follows: "(2) If you find from the evidence that the plaintiff, before attempting to cross the street railway track at the time of the injury, could, by looking, have seen the car in time to have avoided the accident, but failed to look, or by listening could have heard the car in time to have avoided the accident, but failed to listen, and you further find from the evidence that the injury was the proximate result of his failure to either look or listen, then he was guilty of negligence contributory to his injury, and he cannot recover in this action. (3) The evidence shows without conflict that the plaintiff has frequently crossed the street railway at the place of the injury prior to the accident, and it further shows that he was thoroughly familiar with the location of such track, and knew that electric cars were operated at the crossing where the injury happened. Under such circumstances the plaintiff was required to exercise a higher degree of caution and watchfulness than if he had not possessed the knowledge above referred to. If you find that the motorman failed to sound a gong or ring the bell as he approached the place where the accident happened, that fact alone will not entitle plaintiff to recover in this action. The plaintiff, in approaching the street car track, was required to use the sense of sight as well as that of hearing; and, if he failed to exercise either the sense of sight or hearing, and he was injured in consequence of such failure, then such failure constituted contributory negligence, and he cannot recover in this action. (4) The motorman operating the car had the right to rely upon the

presumption that the plaintiff approaching the railway
crossing would exercise the caution of an ordinary prudent
person, and that he would not enter upon the track with-
out looking and listening to ascertain whether or not
there was a car approaching; and if you find that as
plaintiff approached the track with his horse he did
not exercise that degree of caution and watchfulness
which an ordinary prudent person would under similar
circumstances, and the accident occurred as a result of
plaintiff's failure to exercise ordinary care, then your
verdict will be for the defendant." In lieu thereof the
court gave the following: "(6) If you find from the evi-
dence that the plaintiff's injuries, if any, were directly
and proximately caused by the negligence, if any, of the
defendant, as explained to you in the second and third in-
structions, then it is your duty to ascertain and determine
whether the plaintiff was himself, at and previous to the
time of receiving his injuries, if any, exercising such
ordinary care as a man of reasonable caution and prudence
would have exercised under like circumstances; and, if
you find that his failure so to do directly contributed to
his injuries, if any, then your verdict should be for the
defendant; and upon the issue of the exercise of ordinary
care by the plaintiff the burden of proof is upon him to
establish the same to your satisfaction by a fair prepond-
erance of the evidence."

The second instruction asked is wrong, in that it omits
the feature of ordinary care. It required a verdict for
defendant if plaintiff could, by the highest degree of care,

2. INSTRUC-
TIONS: ordi-
nary care.
or even, without reference to care, if he could
by any possibility have seen the car in time
to have avoided the accident. Ordinary care to discover
the car by looking and listening is all that was required
of him under the law. *Haines v. Railroad Co.*, 41 Iowa,
231; *Moore v. Railroad Co.*, 102 Iowa, 597. It will hardly
be contended that plaintiff was required to use more

than ordinary care to discover the car. He had the right to rely on the usual and ordinary signals being given by the defendant's employes in operating the car; and, while he was bound to use his senses of sight and hearing, he was not bound as a matter of law to know all that could have been discovered by the highest degree of prudence and caution.

The third was erroneous in that it required a higher degree of care and caution on plaintiff's part than the law exacts. The standard of care on the part of one injured

3. SAME: exercise of a jury question. by another is always the same, to wit, ordinary care and prudence. What might be such care under some circumstances might not, it is true, be the same as under others; but the standard is fixed and certain. Whether or not he used it in the particular case is ordinarily for the jury, and must, of necessity, depend upon circumstances. *Orr v. Railway Co.*, 94 Iowa, 426; *Beem v. Light Co.*, 104 Iowa, 568; *Robbins v. Railway Co.*, 165 Mass. 30 (42 N. E. Rep. 334); *Consolidated Co. v. Scott*, 58 N. J. Law 682 (34 Atl. Rep. 1094 55 Am. St. Rep. 620, 33 L. R. A. 122, 58 N. J. Law, 701); *Railway Co. v. Block*, 55 N. J. Law, 605 (27 Atl. Rep. 1067, 22 L. R. A. 374); *Railway Co. v. Snell*, 54 Ohio St. 197 (43 N. E. Rep. 207, 32 L. R. A. 276); *Shea v. Railway Co.*, 50 Minn. 395 (52 N. W. Rep. 902). There was evidence tending to show that plaintiff both looked and listened before attempting to cross defendant's track.

The fourth instruction asked related more particularly to the question of the defendant's negligence and of the right of the motorman to assume that plaintiff would get out

4. INSTRUCTION. of the way. As applied to the exact questions submitted to the jury, it would have been out of place, if not erroneous. The matter, in so far as material, was covered by the fifth paragraph of the court's charge, which reads as follows: "Neither the defendant, for the operation of its cars, nor the plaintiff for crossing the street, had the exclusive right to the use of Third avenue at its intersection

with Second street west.    Neither had a superior
right over the other, and each would be obliged, in so far
as the undertaking in which each was engaged, and the
car or vehicle each was using, would reasonably permit, to
take reasonable precaution to avoid collision each with
the other." In view of the two instructions given by the
trial court which have already been quoted, we think
there was no error in denying any of the requests.

III.    The defendant also asked the following: "(6) In
considering the testimony of equally credible witnesses
touching the question of the ringing of the gong, you are
5. SAME: positive and negative testimony.  instructed that positive testimony tending to
show that the motorman, in charge of the car
rang the gong, is entitled to more weight than
the negative testimony tending to show that the witnesses
testifying did not hear the gong ring.    Therefore if you
find the testimony upon this point is of equal weight or
value, it will be your duty to find that the gong was ring-
ing." As applied to the facts shown in the record, there
was no error in denying this request.    The witnesses who
gave the so-called negative evidence, or some of them,
were in as good position to hear sounds and signals as
those who testified that they heard.    In such a case it
would have been error to have given the instructions
asked.    *Spaulding v. Railway Co.*, 98 Iowa, 205; *Lee v.
Railway Co.*, 80 Iowa, 174; *Mac'erall v. Railway Co.*,
111 Iowa, 549.    The evidence adduced by plaintiff was not
negative, but positive. , *Doran v. Railroad Co.*, 117
Iowa, 442.

IV.    The eighth instruction asked by the defendant
was to the effect that the speed of the car was immaterial,
unless the jury found such rate of speed was so high that
proper regard was not had for the safety of persons who,
in the exercise of ordinary care, might approach the track
for the purpose of going upon or crossing the same.    The
one given by the court in lieu thereof read: "If you find

from the evidence that on or about the 3d day of May, 1899, the defendant, by its servants and employes, was running a car operated by electricity along Second street west approaching Third avenue west, in the city of Cedar Rapids, Iowa, at a high and unreasonable rate of speed, and **you** farther find that by reason of running said car at a **high and** unreasonable rate of speed said car collided at or **near the** intersection of the street and avenue aforesaid with the vehicle in which the plaintiff was then riding, with such force and violence as to cause the plaintiff to sustain personal injury, then your verdict should be for the plaintiff, unless you find that the plaintiff, by his failure to exercise ordinary care and prudence directly contributed to such injury."

This second instruction is also challenged for the reason that it omits the thought that the high rate of speed must have been the proximate cause of the injury. The court made no other reference to the rate of speed question; and we have to determine— first, whether or not the instruction asked on this subject should have been given; and, second, whether or not the one given is correct. In the absence of statute or municipal ordinance, no rate of speed is negligent, as a matter of law. Whether the rate in a given instance was so great as to evince negligence on the part of the street railway company is generally a question of fact for the jury. It is manifest that no exact definition can be given of unreasonable and dangerous rate of speed. So much depends on the extent and character of the traffic on the street, and the surrounding facts and circumstances, that no exact rendering of the terms is possible. The rate of speed is to be considered by the jury with other circumstances in determing the question of negligence. *Artz v. Railroad Co.*, 44 Iowa, 284; *Latty v. Railway Co.*, 38 Iowa, 250.

Coming now to the second question involved in the point under consideration, to wit, failure of the court to

6. RATE of speed; negligence.

instruct that the rate of speed must have been. the proxi-
mate cause of the injury.  It will be con-

7. PROXIMATE
   causes.

ceded, of course, that this is correct doctrine.
That is to say, excessive rate of speed, even if shown, must
have been the proximate cause of the injury.  But it was
not necessary for the court to use the term "proximate
cause."  When these words are used, courts generally find
it necessary to explain them.  They have a technical
significance which is not always apparent to laymen, and,
if other and more simple terms may be found, it is as well,
if not better, to use them.  The instruction given says, in
effect, that the jury must not only find that the car run at
a high and unreasonable rate of speed, but by reason-
thereof it collided with the vehicle, and caused the injur-
ies, and that the plaintiff did not by any negligence on his
part contribute to the injuries.  This is a short way of
stating the doctrine of proximate cause.  Aside from this,
it appears that in the fourth instruction the court speci-
fically called the jury's attention to the matter, and said
that, "If it found plaintiff's injuries, if any, were directly
and proximately caused by the negligence, if any, of de-
fendant, as explained," etc.  Taken together, there was
no error in the instructions relating to this subject.

V.  The sixth instruction given by the trial court reads
in this wise:  "If you find for the plaintiff, you should
allow him such sum, not to exceed the amount claimed by
him in his petition, as will reasonably compensate him for
the pain and suffering, if any, or loss of time, if any, or
both, suffered, or that will be suffered by him because of
his injuries, if any, by him sustained by reason of collid-
ing with the car of the defendant at the intersection of
Third avenue west and Second street west on or about the
3d day of May, 1899."  This is challenged for two reasons:
First, it is said it does not confine the jury to the evidence
bearing on the question there submitted; and, second, it
is argued that it leaves the jury to enter the realm of

speculation as to future pain and suffering and loss of time.

8. FUTURE pain and suffering.

The second point is settled against defendant in *Westercamp v. Brooks*, 115 Iowa, 159; *Fry v. Railway Co.,* 45 Iowa, 416. The first point seems to us to be hypercritical. Jurors may be assumed to have

9. DIRECTION that findings must be based on the evidence unnecessary.

some sense, and it is not presuming too much, we think, to say that every man who is fit to sit upon a panel knows that he is to make his findings from the evidence. Instructions must always be based on evidence, and when the jury is told that, if they find certain things, such and such a result must follow, there is no reason for saying that such an instruction is misleading because the words "from the evidence" or "as shown by the evidence" are omitted. *Blumhardt v. Rohr*, 70 Md. 328 (17 Atl. Rep. 266); *Pennsylvania Co. v. Connell*, 127 Ill. 4;9 (20 N. E. Rep. 89); *Dufour v. Railroad Co.*, 67 Cal. 324 (7 Pac. Rep. 769); *Railway Co. v. Falvey*, 104 Ind. 429 (3 N. E. Rep. 389, 4 N. E. Rep. 908); *City of Indianapolis v. Scott*, 72 Ind. 196; *Railway Co. v. Ingraham*, 77 Ill. 309. There are authorities to the contrary, of course, but we do not feel like following them. The reasoning used in their support is too refined for practical purposes. Each and every juror is sworn to render a true verdict according to the evidence and the instructions given by the court, and we may well assume that he remembers his obligation at all stages of the trial, without being reminded in every instruction, that he must find and believe from the evidence certain things in order to find for one party or the other.

VI. Lastly, it is insisted that defendant's motion for a new trial should have been sustained for the reason that plaintiff not only failed to negative contributory negli-

10. MOTION for new trial: evidence: ordinary care: contributory negligence.

gence, but affirmatively showed that he was guilty of a want of ordinary care and prudence which directly contributed to his injury. The evidence on this point is conflict-

ing.   The jury was warranted in finding the following
facts:   Third avenue west is and was at the time of the
accident one of the most traveled and busiest streets in
the city, and from First street west to second street it is,
and was at that time, lined with business houses on either
side, most of which were two stories in height, and which
came up flush with the avenue line.   In the easterly
corners of the intersection of the avenue with Second
street were buildings flush with the avenue line.   One of
these buildings is called "Watson's Store."   The avenue
was paved with brick.   Immediately prior to the time
plaintiff was injured he was driving at a slow trot west
along Third avenue, and a little to the north of the center
of the avenue.   There was a heavy rain falling, and
a buggy was being driven rapidly in front of him and a
wagon behind.   Being thoroughly familiar with the loca-
tion of defendant's track on Second street, and knowing
the custom of defendant to sound the gong on its cars
when approaching such crossing at a distance of one
hundred to one hundred and fifty feet from the
avenue, plaintiff commenced listening for the car at the
ılley, or about one hundred and fifty feet from the tracks
and continued to listen for it as he drove along, but was
unable to hear either the sound of the gong or the rumble
of the car.   When he approached near enough to the car
tracks so that fifty or sixty feet of the track to the north
of the avenue was exposed to his view, he looked to the
north, and, seeing no car coming, he then looked to the
south; and, having satisfied himself that no car was com-
ing from that direction, he again looked to the north, and
for the first time saw the car, which was then just over the
north line of the Third avenue.   At this time the front
feet of his horse were between the rails, or about over
the second or west rail.   When the bell was first rung the
car was probably ten or twelve feet from the horse.   Dis-
covering his perilous position, and thinking the safest way

out of it was to continue ahead, he reached for his whip, and a' 'empted to get across the track, with the result that his buggy was struck near its center, and he was thrown out and injured. Had the jury found these facts to be true,—as we have no doubt it did,—the idea of contributory negligence is distinctly negatived, and it would have been error for the trial court to have granted a new trial on the ground contended for. See, as sustaining these conclusions, *Riley v. St. Railway Co.*, 80 Minn. 424 (83 N. W. Rep. 376); *Harper v. Barnard*, 99 Iowa, 159. The instructions given by the trial court were brief, and not as comprehensive, perhaps, as they should have been; but, taken together, they fairly presented the issues to the jury, and we find no error in denying the requests made by the defendant.

The judgment is AFFIRMED.