CHRISTINA MEYER, Executrix, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Railroads:** CROSSING  ACCIDENT: CONTRIBUTORY  NEGLIGENCE: EVIDENCE. All that is required of a traveler in approaching a railway crossing is that he exercise ordinary care in looking and listening for approaching trains within a reasonable distance of the crossing, and when he stops and looks and listens it is for the jury to say whether he was in the exercise of ordinary care. Evidence held sufficient to take the case to the jury on the question of contributory negligence.

*Appeal from Washington District Court.*— HON. W. G. CLEMENTS, Judge.

FRIDAY, JUNE 7, 1907.

SUIT to recover damages for the negligent killing of the plaintiff's husband by defendant's train at a public highway

crossing.    There was a verdict and a judgment thereon for
the plaintiff, from which the defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Eicher & Eicher,*
for appellant.

*S. W. & J. L. Brookhart,* for appellee.

SHERWIN, J.— The injury which resulted in the death
of C. A. Meyer occurred at a public highway crossing on the
26th day of December, 1904, about ten o'clock in the morn-
ing.    The defendant's railroad at and near the place where
the injury occurred runs east and west, and the public high-
way west of the crossing and south of the defendant's road
runs east and west practically parallel with the defendant's
road.    On the day in question, Meyer and his wife were rid-
ing eastward on this public highway toward the crossing in
question, and, while attempting to cross the defendant's track,
the buggy in which they were riding was struck by one of the
defendant's east-bound trains, and Mr. Meyers received in-
juries which soon thereafter caused his death.

The sole question presented for our consideration in this
case is whether there was sufficient evidence of the deceased's
freedom from contributory negligence to sustain the verdict.
There is a fill about three hundred and fifty feet long west
of the crossing in question which runs from nothing to
fourteen feet above the low place in the public high-
way, and west of the fill the road passes through a cut
which is deep enough to completely obstruct the view of
an approaching train from a person looking westward
from such low place in the public highway.    The trav-
eled highway, however, runs over the hill through which this
cut is made, and from said highway on the hill there is an
obstructed view of the defendant's road west for a consid-
erable distance.    From any point between the crossing and
a point from fifty to seventy-five feet south thereof, there
is an unobstructed view of the defendant's track for nine

hundred to one thousand feet west. The plaintiff was the only witness testifying as to the conduct of herself and husband in looking out for trains on the defendant road as they were approaching the crossing in question. She testified that when they reached the point about two hundred and twenty-five feet from the crossing, they stopped and looked and listened for trains. She further testified that they again stopped and looked and listened at a point from eighty-five to one hundred feet from the crossing, and, not hearing or seeing anything indicating the approach of a train, they went on, the horses moving slowly, and that during the time they were approaching the crossing they still looked and listened for trains. She still further testified that they did not know of the approach of the train in question until their team was right on the crossing, and that, when she discovered it, it was only about three hundred feet from them, and that no alarm signal was sounded by the engine until after she had seen the train. There is evidence tending to show that it was very foggy that morning and at the time of the accident, and that the fog materially obstructed the view. We are fully satisfied that the evidence touching the deceased's freedom from contributory negligence was sufficient to take the question to the jury and to sustain the verdict. Had it not been for the fog, it fairly appears that the train could have been seen from the place where the second stop was made, when it was four hundred or five hundred feet from the crossing. All the law requires of a traveler who is approaching a railroad crossing is that he exercise ordinary care in looking and listening for approaching trains within a reasonable distance from the crossing, and, when he looks and listens without stopping or stops and looks and listens, it is for the jury to say whether he was in the exercise of ordinary care under all of the circumstances developed upon the trial. There might be instances where the jury would be warranted in finding that such care was not exercised without stopping, and, on the other hand, it might well be said from the facts and cir-

cumstances shown on the trial that the care required by the law was fully exercised by looking and listening without stopping, and so in this case we think it was for the jury to determine whether the deceased in the exercise of the care required by the law should have made another stop between the crossing and the point where the last stop was in fact made. *Schulte v. Chicago, Milwaukee & St. Paul Ry. Co.,* 114 Iowa, 89; *Mackerall v. Railroad Co.,* 111 Iowa, 547; *Winey v. Railway Co.,* 92 Iowa, 622; *Hartman v. Railway Co.,* 132 Iowa, 582. What we have said about the sufficiency of the evidence discussed disposes of the appellant's contention that the verdict was contrary to the instructions of the court.

The appellant's motion to strike a part of the second amendment to the abstract filed by the appellee is sustained.

The judgment of the district court is *affirmed.*